## MULHALL v. BRADLEY & CURRIER CO.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

BROKERS—COMMISSIONS—QUANTUM MERUIT—PLEADING—DEMURRER.

A complaint alleged employment by defendant as a broker to exchange real estate, the offer of defendant's property under defendant's instructions, and acceptance of such offer, the notification of defendant thereof, and that defendant refused to proceed with the exchange, and claimed the reasonable value of such services. The second count repeated the allegations of the first, and claimed damages for the loss of commissions to be paid by the owners of the other property on completion of the exchange. *Held*, that the only contract alleged between defendant and its broker was an employment, with an implied contract to pay the reasonable value of his services, and a demurrer to the second cause of action on the ground that it did not state a cause of action was properly sustained.

Appeal from special term, New York county.

Action by John Mulhall against the Bradley & Currier Company. From a judgment in favor of defendant, sustaining a demurrer to plaintiff's second cause of action, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

John H. Greener, for appellant.
Austin E. Pressinger, for respondent.

BARRETT, J. The plaintiff's first cause of action is upon a quantum meruit. He alleges the employment of his assignor, one Unger, by the defendant as its broker to effect an exchange of real estate; that the defendant instructed Unger to offer its property to the owners of certain other property upon specified terms; that Unger, as thus instructed, made the offer to these other owners, and that it was accepted, of which acceptance the defendant was notified; that the defendant thereafter refused to proceed with the exchange; that Unger's services were reasonably worth $950; and that his claim therefor has been assigned to the plaintiff. This cause of action is not demurred to. The second cause of action—that demurred to—is for damages alleged to have been sustained by Unger in consequence of the defendant's refusal to carry out the exchange. These damages are the commission of $750 which Unger would have received from the owners of the other property, had the exchange gone through. The plaintiff here repeats all the averments of his first cause of action, and adds that the owners of the other property had agreed to pay Unger a commission of $750 upon the completion of the exchange. Assuming that Unger was but a middleman, invested with no discretion, and that he was, as contended, justified in arranging for a double commission (Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867), still the facts which the plaintiff states constitute no cause of action against the defendant. He seems to think that he has alleged a breach of contract between Unger and the defendant, for which the latter is at least liable for some damages, if not for the entire $750. But he has alleged no such contract. What, and all, he has alleged is an employment by the defendant, with a resulting implication to pay Unger the reasonable value of his services. The defendant made no contract with Unger, express or implied, to exchange its property. There has consequently been no breach of any such contract. The only contract between Unger and the defendant was that implied from the employment, and the only possible breach of that contract was the failure to pay him the reasonable value of his services. This second cause of action cannot be upheld as a mere repetition of the first, or because the quantum meruit incidentally reappears in the repetition. This repetition cannot be treated independently. It is but the prelude to the second cause of action, and the latter must therefore stand or fall upon the additional allegations relating to the loss of the other commission.

The demurrer was well taken, and the judgment should be affirmed, with costs. All concur.