## DARLING v. MOSCOWITZ.

(Supreme Court, Appellate Term, First Department. June 14, 1916.)

Brokers &#9758;74—Employment—Right to Compensation.

     Where defendant employed plaintiff as a real estate broker to purchase certain premises at a price named, it being agreed that plaintiff was to get his commission on the purchase price from the owner, plaintiff having secured the owner's consent to the sale of the premises to defendant for the price named, defendant's failure and refusal to purchase was a breach of contract, entitling plaintiff to the reasonable value of his services to defendant.

     [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. &#9758;74.]

Appeal from City Court of New York, Special Term.

Action by William A. Darling against Louis S. Moscowitz. Judgment for defendant, and plaintiff appeals. Reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Alexander & Ash, of New York City (Mark Ash and Edward Ash, both of New York City, of counsel), for appellant.

William B. McNiece, of New York City (William B. McNiece and John R. Schwinzer, both of New York City, of counsel), for respondent.

---

GUY, J. The complaint alleges that the defendant entered into an agreement with the plaintiff, a real estate broker, employing plaintiff to perform services as such broker in procuring the owner of certain premises to sell them to the defendant for $52,000, it being understood and agreed by defendant that plaintiff was to get his commission of 1 per cent. on the purchase price for making the sale from the owner of the said premises; that relying upon defendant's agreement the plaintiff performed services as such broker and secured the consent of the owner of the premises to sell them to the defendant for $52,000 and to pay plaintiff 1 per cent. of the purchase price on the sale; but the defendant, in breach of his agreement, failed and refused to purchase the premises for $52,000, to plaintiff's damage in the sum of $525. The court below granted defendant's motion for judgment on the pleadings, and the plaintiff appeals.

In granting judgment for the defendant the learned justice at Special Term stated that he was of opinion "that the plaintiff has no action under the contract against the defendant, but may, under the Mulhall decision" (50 App. Div. 179, 63 N. Y. Supp. 782) "have an action for services rendered upon a quantum meruit." In the Mulhall Case two causes of action were alleged by the plaintiff—the first for the reasonable value of services rendered by the broker in procuring an agreement for the exchange of real estate, which exchange the defendant refused to carry out; the second cause of action for the recovery of the commissions which the broker would have obtained from the other party to the exchange if it had been consummated. As respects this second cause of action the court held that, as the plaintiff had failed to allege any contract made by the defendant with the broker to exchange its property, there could be no breach of such contract, and a demurrer to the second cause of action was properly sustained; the only obligation of the defendant being to pay the broker the reasonable value of his services under the first cause of action.

In this case, however, plaintiff expressly alleged a hiring by the defendant for the purchase of the property described in the complaint and the breach of such contract, and the question before the court below was not whether the damage alleged was the true measure of plaintiff's recovery, but whether the facts stated constituted a cause of action. A cause of action being clearly set out in favor of the plaintiff for at least the reasonable value of his services, it was error to grant defendant's motion.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.