█ In the Matter of the Accounting of RUTH GORDEN, as Executrix and Trustee of OLIVER A. GORDEN, Deceased, Respondent. ANN E. CLARK, Appellant; ROGER B. GORDEN, Respondent.— Appeal from a decree of the Surrogate's Court, Schoharie County, denying the claim of Ann E. Clark for work, labor and services performed for the benefit of decedent, Oliver A. Gorden. In September, 1947, decedent purchased the West Fulton Inn, taking title in his name and receiving a license from the State Liquor Authority. About the same time claimant moved to West Fulton and took residence at the inn. At the hearing before the Surrogate many witnesses testified as to the many services rendered by the claimant — tending bar, cooking, serving meals to guests and numerous others — as to the operation of the inn. There was also testimony that decedent intended to pay for these services. The Surrogate found that there was no express agreement and further denied recovery on a *quantum meruit* basis, holding that a meretricious relationship existed between claimant and decedent which barred recovery. One of the reasons for such determination was due to certain matters set forth in a bill of particulars furnished by the claimant, to wit: agreement to marry claimant, execute will and provide for claimant. While the court was justified in rejecting this contention, the bill of particulars further alleged that claimant acted as manager of the West Fulton Inn. The respondents offered no defense of the meretricious relationship and at the end of the claimant's case, rested without offering any proof. We think in this case there is a basic distinction between what might be considered meretricious relationship and the duties performed as a manager and in furtherance of the operation of the inn. As to the meretricious relationship, the lower court found ample testimony to sustain such a finding and consequently bar a recovery. In this respect we disagree as to the proof. There was no direct testimony of such relationship or that the services

performed and the relationship were related. We determine from an examination of the record as a whole that there was ample evidence to sustain a finding of fact that services relating to the management of the inn were performed by the claimant — not meretricious — and which justify a finding in favor of the claimant. (*Matter of Napoli*, 282 App. Div. 814.) We also note that the claimant took the stand and testified but was not examined by either of the respondents. The claimant offered testimony that the services such as rendered for the benefit of the inn were valued at from $50-$60 per week. A finding is made that claimant is entitled to an award for a period of six years on the basis of services rendered in the operation of the "Inn", consideration being given for board and lodging furnished claimant, we find the sum of $9,000 fair and reasonable. Decree reversed on the law and the facts and a finding made that claimant is entitled to an award in the sum of $9,000, with costs payable from the estate. Bergan, J. P., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents and votes to affirm the decree of the Surrogate.