DUROSS COMPANY, Appellant, v. RICHARD EVANS, II, et al., Respondents.

First Department, March 25, 1965.

*Michael A. Schwartz* for appellant.

*Edmund S. Purves* of counsel (*Gifford, Woody, Carter & Hays,* attorneys), for respondents.

McNALLY, J. Involved on this appeal is the sufficiency of the first cause of action. A test of the sufficiency of the pleading is whether it gives notice of the transactions relied on and the material elements of a cause of action. (*Foley* v. *D'Agostino,* 21 A D 2d 60; CPLR 3013.)

The first cause of action fairly alleges plaintiff, a real estate broker, was employed by the defendants to locate a parcel of real estate within a certain area of the Borough of Manhattan. Plaintiff located and submitted to defendants several parcels, one of which was selected by defendants who authorized plaintiff to submit an offer therefor in their behalf to the owner of the selected parcel. Plaintiff submitted the offer which was accepted by the owner. The owner caused a contract of sale to be prepared and at the same time entered into a brokerage agreement to pay to the plaintiff commissions of $6,000 upon the closing of title. Defendants knew at all times that plaintiff would be entitled to receive brokerage commissions from the owner upon the closing of title. Implicit in the allegations of

the first cause of action is the agreement on the part of the defendants to purchase on the basis of the alleged offer. (*Westhill Exports* v. *Pope,* 12 N Y 2d 491; *Starr, Inc.* v. *Blumenthal,* 132 Misc. 222.) The defendants arbitrarily refused to enter into the contract of sale and to consummate the transaction and plaintiff thereby was damaged because he was deprived of the brokerage commission of $6,000.

It is the general rule that a prospective purchaser of real estate is not liable for failure to accept an offer unless it appears that the broker was employed by the purchaser. (*Niesen* v. *Galewski,* 211 App. Div. 858, affd. 240 N. Y. 652.) There is no legal obligation as between the owner and a purchaser despite oral acceptance of an offer by the purchaser unless and until a written contract is executed. The intervention of a broker does not enlarge the purchaser's legal obligation in respect of his failure to perform in accordance with an offer orally accepted. The additional factor of the loss of a broker's commission contingent on the consummation of the sale does not serve to create a liability on the part of the purchaser to the broker. However, where there is a contract of employment between the purchaser and the broker, the breach thereof on the part of the purchaser results in the latter's liability for damages. (*Parker* v. *Simon,* 231 N. Y. 503, 507–508.) '' Each case in which allegations of employment are made must be decided on the particular facts.'' (*Grossman* v. *Herman,* 266 N. Y. 249, 253.)

The defendants' breach of their contract with the plaintiff entitles it to damages, the nature and extent of which do not affect the sufficiency of the first cause of action. Whether plaintiff is to recover damages or on *quantum meruit,* a cause of action is stated and it may not be dismissed for insufficiency. (*Darling* v. *Moscowitz,* 159 N. Y. S. 672 [App. Term, 1st Dept.].)

It is evident, however, that the measure of damages will be a vital issue. We therefore make the following observations: '' Where  *  *  *  the employer of the agent itself prevents the earning of the commission by refusing to deal on the basis which was offered to the agent, the purchaser is obligated to pay after the agent has procured a seller on the terms and for the consideration, quantity and quality proposed by the purchaser (*Pease & Elliman* v. *Gladwin Realty Co.,* 216 App. Div. 421).'' (*Westhill Exports* v. *Pope,* 12 N Y 2d 491, 496, *supra.*) (*James* v. *Home of Sons & Daughters of Israel,* 153 N. Y. S. 169; *McKnight* v. *McGuire,* 117 Misc. 306.)

Although a proposed purchaser does not undertake to pay the commission, he may be liable for consequential damages by

reason of the breach of his contract with the broker, which damages include compensation for the deprivation of the commission the broker would have been paid by the owner of the property. (*Ackman* v. *Taylor,* 296 N. Y. 597.)

The cases (*Mulhall* v. *Bradley & Currier Co.,* 50 App. Div. 179; *Darling* v. *Moscowitz, supra*) relied on in the dissenting opinion do not support the proposition that plaintiff is limited to a recovery in *quantum meruit.* In *Darling,* it was held immaterial to the sufficiency of the cause of action whether plaintiff's measure of damages was reasonable value of the services rendered or the commission of which plaintiff was deprived. The *Mulhall* case involved an abortive exchange of real estate in respect of which the plaintiff broker alleged two causes of action against his employer—the first in *quantum meruit* based on services relative to the property of the employer and the second in damages representing the commission he would have earned from the third party had the defendant executed the exchange. Mulhall elected to proceed in the first cause of action on *quantum meruit.* Hence, the court was not required to and did not decide whether Mulhall might have sought damages as to the first cause of action measured by the commission he would have earned had defendant sold his property. The introduction of the second cause of action involved the broader question of whether and under what circumstances a broker may seek double commissions in an exchange of real property. This question was passed on in *Fox Co.* v. *Wohl* (255 N. Y. 268).

In *Fox,* the complaint stated two causes of action. The first for commissions earned for procuring a purchaser of defendant's property. The second for damages based on the loss of commissions plaintiff would have earned if defendant had executed an exchange as arranged. The court held (p. 272) that double commissions are " not the natural or probable consequence of a brokerage exchange contract and are not, generally speaking, within the contemplation of the parties when a simple brokerage contract is made ". To sustain a claim for double commissions it is not enough that the broker's employer had knowledge of and was agreeable to the broker's receipt of double commissions; it must appear that the employer undertook to assure compensation to the broker to the extent of double commissions. *Mulhall* v. *Bradley & Currier Co.* (*supra*) is cited in *Fox* (p. 272) for the proposition that the employer's willingness that the broker might earn double commissions does not in itself sustain an obligation therefor.

The *Fox* case discussion of the broker's right to a double commission alluded to the cases of *James* v. *Home of Sons & Daughters of Israel* (153 N. Y. S. 169, *supra*) and *Pease & Elliman* v. *Gladwin Realty Co.* (216 App. Div. 421, *supra*) as if they involved exchange transactions, which is not the fact. These cases involved, respectively, one parcel and a single commission, the loss of which was the probable consequence of the defendant's breach of contract with the broker.

The reference in *Fox* concerning *James* v. *Home of Sons & Daughters of Israel* (*supra*) and *Pease & Elliman* v. *Gladwin Realty Co.* (*supra*) was explained in *Ackman* v. *Taylor* (185 Misc. 807, 808) where the court said: "Defendant urges that the broker has no recourse unless the prospect not only ' agreed ' but agreed to pay ' commissions '. However, on careful reading of the authorities and on principle, it would seem sufficient that the prospect expressly ' contracted ' with the broker, whoever is to pay the commissions * * *. The authority of *Fox Co.* v. *Wohl* (255 N. Y. 268) would seem in any event limited to cases of exchange of property." *Ackman* was affirmed (269 App. Div. 1025) and a certified question as to the sufficiency of the complaint answered in the affirmative (296 N. Y. 597). Any residual doubt after *Ackman* as to the subsistence of the principle of *James* v. *Home of Sons & Daughters of Israel* (*supra*) and *Pease & Elliman* v. *Gladwin Realty Co.* (*supra*) was resolved by *Westhill Exports* v. *Pope* (*supra*, p. 496) where the principle was unequivocally restated and the latter case cited with approval.

The order dismissing the first cause of action should be reversed, on the law, with costs and disbursements to plaintiff-appellant, and the motion denied.

EAGER, J. (dissenting). I would affirm the order dismissing the first alleged cause of action. This subtly contrived pleading is merely another example of an effort by a broker to make prospective purchasers pay a commission contracted to be paid by the seller but not earned. The plaintiff's allegations give notice that the gravamen of the first cause of action is the alleged "arbitrary, capricious and deliberate conduct" of the defendants in their refusal "to sign a written contract" of purchase containing a provision for payment of commissions of $6,000 by the seller upon closing of title and in their refusal to consummate the purchase of the property; and the plaintiff alleges that "by reason of defendant's conduct, plaintiff herein failed to receive the brokerage commissions as agreed upon with the Seller of the subject property" and that the plaintiff has been damaged in such sum. But, bearing in mind that no

agreement was ever finalized and validly formulated for the purchase of the particular property by the defendants, they had a perfect right to refuse to sign a proposed written contract and to consummate the purchase, and therefore, their conduct in this connection was not arbitrary, capricious and unjustified; and, since the title was not closed, the plaintiff did not lose a commission of $6,000 because it never became entitled to the same.

The plaintiff, as a broker, may have a cause of action in *quantum meruit* against the defendants for services rendered pursuant to its alleged employment by them "for the purpose of locating and selecting a parcel of improved real estate within a certain area" and for the performance of "various services for and on behalf of the defendants herein in locating and selecting several parcels of improved real estate", but that is not the cause of action attempted to be pleaded here.

Assuming that, as alleged, the plaintiff was employed by defendants "for the purpose of locating and selecting" a particular type of parcel of real property in a certain locality, it does not appear that the defendants have in any way breached or repudiated any of the terms of such agreement. If, as alleged, the plaintiff on its part performed "all the terms and conditions of the agreement", with the result that the defendants did select a parcel which was suitable to them, the performance by plaintiff entitles it only to recover the value of its services. There is no allegation here of any agreement *with plaintiff* obligating the defendants to close title to or even to buy a parcel located and selected by plaintiff; and it appears that the complaint was framed for the purpose of securing a recovery without proof of any such agreement, express or implied.

I would agree that, if the plaintiff was employed by defendants to procure the sale to them of a particular parcel upon specified terms, then, there could arise an implied agreement on the part of the defendants with the plaintiff to complete a purchase of the parcel on such terms, if arranged. The damages flowing from a breach of such an implied agreement could include the loss of commissions which the parties understood were to be paid by the seller. But the allegations of the complaint here are merely that the "plaintiff was employed by defendants for the purpose of locating and selecting a parcel of improved real estate within a certain area". If there were further terms or conditions of the employment, they are not alleged. It is elementary that a complaint in an action upon contract should set forth the contractual terms, express or

implied, alleged to have been breached. Here, if the plaintiff relies upon an agreement, express or implied, *between it and the defendants* binding the defendants to complete a purchase of a particular parcel on specified terms, it is necessary that the agreement be alleged. To avoid uncertainty with respect to the terms of the contract relied upon by plaintiff, it may be given leave to serve an amended complaint.

The recoverable damages, upon a plaintiff establishing a breach of contract, are limited to the natural, probable consequences of the breach. If the defendants' contractual obligation *to the plaintiff here,* as implied from the agreement of employment as alleged, was merely to pay for services rendered, then, the only possible breach of agreement chargeable against the defendants would be their failure to pay for such services. For any such breach, if alleged, the plaintiff's recovery would be limited to a recovery in *quantum meruit* for the reasonable value of its services. (*Mulhall* v. *Bradley & Currier Co.,* 50 App. Div. 179; *Darling* v. *Moscowitz,* 159 N. Y. S. 672.)

Where, as here, it is not alleged that the defendants, as prospective purchasers, employed plaintiff as broker to procure the sale to them of a particular parcel on stated terms, then, in the absence of an agreement by them to pay commissions, the plaintiff may not recover, for its services as broker, damages in amount of commissions which it would have earned as broker if the owner and defendants had entered into a contract of sale. (See *Lewis* v. *Bush,* 35 N. Y. S. 2d 448, 449. See, also, *Moehlenpah* v. *Lefcort* [NOLAN, J.], 42 N. Y. S. 2d 280, affd. 266 App. Div. 786, mot. for lv. to app. den. 291 N. Y. 829.) The failure to earn and receive the commissions which would have been paid by the seller if the deal had closed is not an element of damage flowing from any breach of any contract alleged as between the parties to this action. (See *Mulhall* v. *Bradley & Currier Co., supra; Darling* v. *Moscowitz, supra; Morgenthau-Seixas Co.* v. *Greene,* 143 Misc. 456.)

Finally, the line of cases cited by plaintiff, of which those cited in the majority opinion are an example, are not controlling. As stated by Mr. Justice FINE at Special Term, " [t]he cases cited by plaintiff are distinguishable, in that the terms which the purchasers in those cases employed the brokers to obtain were secured by the brokers." For instance, in *Pease & Elliman* v. *Gladwin Realty Co.* (216 App. Div. 421, 424), " the evidence clearly established that the defendant agreed to take a lease of the property upon the terms agreed upon with the broker ". In *Ackman* v. *Taylor* (296 N. Y. 597), it appeared from the complaint that the defendant (prospective lessee) agreed upon

the terms of the proposed letting and approved the lease as procured by the brokers. Also, in *Westhill Exports* v. *Pope* (12 N Y 2d 491, 496, 497), it was merely held that the purchaser could be liable for the payment of the commission where the broker had " procured a seller on the terms and for the consideration, quantity and quality proposed by the purchaser * * * [and] the broker has performed what he was hired to do ".

Botein, P. J., Rabin and Bastow, JJ., concur with McNally, J.; Eager, J., dissents in opinion.

Order, entered on May 8, 1964, reversed, on the law, with $30 costs and disbursements to appellant and the motion denied.