■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BANKS, Appellant.— Appeal unanimously dismissed as academic. Memorandum: Appellant seeks review of an order denying *coram nobis* relief in connection with a judgment of conviction upon which he was sentenced to a term of three and one-half to seven years on May 16, 1967. It now appears that on March 30, 1970 an order was made in Erie County Court vacating such sentence and directing that he be resentenced so as to enable him to review the judgment by appropriate appeal. Thus, the issues presented herein have become academic. (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for conspiracy, rendered May 16, 1967.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ CHARLES H. COPPARD, INC., et al., Appellants, v. JACK CHESBRO, Respondent.— Order insofar as it granted defendant's motion for summary judgment unanimously reversed and motion denied and otherwise order affirmed, without costs. Memorandum: Defendant buyer entered into an agreement through the plaintiff broker to buy a house and agreed to pay the broker a commission if he failed to complete his part of the agreement. It provided that the sale was contingent upon the broker finding the sellers, "a home of our desire." The sellers later notified the buyer that they were waiving the contingency. The buyer failed to complete the purchase. Special Term held that defendant was not liable for the commission since the sellers' promise to sell was illusory. Summary judgment should not have been granted. There is a factual question as to whether the agreement, which may have been illusory, ripened into a valid one by performance of the contingency. (*Baum* v. *Beacon Feeds*, 31 A D 2d 734.) There is also the question of who hired the broker. If the buyer did, he would be liable if the contract became binding since the broker would have performed his obligation of finding a ready, willing and able seller. If the sellers hired the broker, there would be a further question of whether the buyer agreed to be liable for a commission if he failed to buy regardless of the reason or whether he only agreed to be liable if he failed to complete a binding contract. (Appeal from order of Monroe Special Term granting motion for summary judgment in action for commissions.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HILLARD CHUBBS, Appellant, v. JOHN T. DEEGAN, as Warden of Auburn Prison, Respondent.— Judgment unanimously affirmed. Memorandum: In affirming the judgment we would point out that there was full compliance with section 1943 of the Penal Law on the original sentencing of relator as a multiple offender and no objection was raised by relator that a previous conviction was unconstitutionally obtained at that time, at resentencing, or in his petition herein. (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHYLLIS KLOCK, Appellant.— Appeal unanimously dismissed as moot, the sentence having been vacated prior to resentence. (Appeal from judgment of Onondaga County Court convicting defendant of forgery, second degree.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.