■ Long Island Business Exchange, Inc., Respondent, v Natali De Luca et al., Appellants.—In an action, *inter alia,* to recover damages resulting from defendants' failure to carry out the purchase of a business, on which transaction the plaintiff was the broker, defendants appeal from an order of the Supreme Court, Nassau County, dated January 18, 1977, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The plaintiff-respondent, acting as a business broker, brought the defendants-appellants, as purchasers, and a third-party seller to agreement on the purchase and sale of a certain business. Plaintiff claims that the defendants had engaged it to find them such a business, although the seller was to pay the plaintiff's brokerage commission. The agreement between the defendants and the seller was conditioned on the defendants receiving a liquor license within eight weeks from the State Liquor Authority. The defendants allegedly failed to apply timely for the license. The sale was never consummated, and the plaintiff-broker brought suit against the defendants for damages flowing from the defendants' alleged failure to seek the license. Special Term denied the defendants' motion to dismiss the complaint for failure to state a cause of action. Although the complaint in question could have been drawn more precisely, it alleges facts sufficient to state a cause of action. Thus, Special Term properly denied the defendants' motion. The plaintiff would have received a $5,000 commission if the sale of the business to the defendants had been consummated. Although the seller of the business, and not the defendants, was to pay that commission, it is disputed whether the defendants had engaged the plaintiff to find a business for them. If it is found that the defendants did engage the plaintiff, the fact that they were not to pay the commission would not, of itself, bar the plaintiff's recovery (see *Ackman v Taylor,* 296 NY 597). The plaintiff also alleges that the defendants deliberately acted in a way which led to the failure of this sale, and thus to its loss of commission. Even if "there was no agreement between them, express or implied, [if] the defendant[s] received a benefit from the plaintiff's services under circumstances which, in justice, preclude [them] from denying an obligation to pay for them", the plaintiff would have some form of relief (see *Bradkin v Leverton,* 26 NY2d 192, 197).

The defendants also argue that the suit is barred by the Statute of Frauds. No motion was directed against the pleadings on this ground, and that question was not before Special Term. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.