BARBARA LEE, Also Known as BARBARA L. SLOVAK, Respondent, v JOSEPH SLOVAK, Appellant.

Third Department, June 11, 1981

APPEARANCES OF COUNSEL

*Russell H. Baller, Jr.*, for appellant.

*Harvey & Harvey (Arthur J. Harvey* of counsel), for respondent.

OPINION OF THE COURT

SWEENEY, J.

According to plaintiff's testimony, she and defendant agreed to enter into a partnership on December 1, 1973 and, in relationship to the partnership, profits and losses were to be shared equally. The record reveals that in February, 1974, plaintiff moved to defendant's farm and they ran an extensive farming operation together. They lived together and held themselves out to the community as husband and wife although they were never married.

In July of 1979, defendant refused to allow plaintiff to participate in the operation of the farm and plaintiff thereafter commenced the present action seeking a dissolution of the partnership and an accounting with regard to the assets of the partnership. The trial court, following a nonjury trial, found insufficient evidence to establish that a partnership agreement was entered into but awarded plaintiff $15,000 on a *quantum meruit* basis concluding that plaintiff did perform substantial services, work and labor on behalf of and at the request of defendant. This appeal by defendant ensued.

In a similar situation, this court made an award to a claimant for services rendered by her in the operation of a tavern owned by a person with whom she lived *(Matter of Gorden,* 9 AD2d 585). The two were known in the community as husband and wife although they were not married. The Court of Appeals reversed, rejecting the theory of an implied contract, and concluded that the evidence was not of the clear and convincing character required to establish a claim against a decedent's estate (8 NY2d 71). It was noted (p 75) by the Court of Appeals, however, that the unmarried state of a couple did not preclude an express contract between them.

More recently, the Court of Appeals has expressly approved of the concept stated in *Gorden (supra)* that unmarried persons living together are free to contract with each other in relation to personal services *(Marone v Marone,* 50 NY2d 481, 487). In *Marone,* plaintiff alleged in her first cause of action that she and defendant lived together and held themselves out to the community as husband and wife and that since the inception of their relationship she had performed domestic duties and business services at the request of defendant with the expectation that she would receive full compensation for them *(Marone v Marone, supra,* p 484). In holding that the first cause of action was properly dismissed, the court stated that an action based upon an implied contract for personal services between unmarried persons living together would not be recognized *(Marone v Marone, supra,* p 489). As previously noted, plaintiff alleged in her first cause of action that she also performed business services with the expecta-

tion of compensation and, therefore, the court also implicitly rejected an action upon an implied contract for business services between unmarried persons living together. In view of these two cases, we are of the opinion that the trial court improperly relied on a *quantum meruit* theory in awarding plaintiff $15,000.

An express agreement between unmarried persons living together is enforceable *(Marone v Marone, supra,* p 486). We disagree with the trial court's finding that no oral partnership agreement was entered into between the parties. In a nonjury case, it is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court, and where a finding different from that of the trial court is not unreasonable this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony *(Shipment v Words of Power Missionary Enterprises,* 54 AD2d 1052). We are of the view that the trial court properly found that title to different parcels of property were held jointly by the parties; that business was continually transacted in joint names; that the parties had a joint checking account; that loans were made and mortgages given in both the names of plaintiff and defendant jointly; that a building was erected on land owned jointly by the parties with funds borrowed in the joint names of the parties for the purpose of a wholesale and retail produce operation; and that plaintiff ran the produce stand, participated in the hiring of employees, supervised migrant farm and housing operations and dealt with customers concerning the business of the farm throughout the years in question. In addition, we find that profits from the business were shared; that moneys were deposited in a joint account; that the property on which the farm was located was deeded by defendant to plaintiff and defendant jointly; that plaintiff participated in decisions involving the business; and that many documents and applications involving the business indicated that the parties were a partnership.

A partnership has been defined as a contract of two or more persons to place their money, effects, labor or skill, or some or all of them, in lawful business, and to divide the

profits and bear the losses in certain proportions *(Pattison v Blanchard,* 5 NY 186; *Matter of Manning v Whalen,* 259 App Div 490). Based upon the findings noted above, we conclude that an oral partnership agreement to equally share in the profits and losses was entered into between the parties. Consequently, plaintiff is entitled to a dissolution of the partnership and an accounting with regard to the partnership affairs (Partnership Law, § 44).

The judgment should be reversed, on the law and the facts, without costs, and an interlocutory decree directed to be entered dissolving the partnership and for an account by defendant of all partnership affairs.

MAHONEY, P. J. KANE, CASEY and WEISS, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and an interlocutory decree directed to be entered dissolving the partnership and for an account by defendant of all partnership affairs.