■ BRABAZON AGENCY, INC., Respondent, v JOHN DONOHUE, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 18, 1980 in Greene County, upon a decision of the court at Trial Term (Kahn, J.), without a jury. Plaintiff Brabazon Agency, Inc., a real estate agency, seeks in this action to recover a broker's commission in the amount of $3,888 and also exemplary damages of $2,000 from defendant John Donohue, the purchaser of a parcel of real property known as the "Gomiller Farm" in the Town of Middlefield, Otsego County. Following a nonjury trial, the court found that defendant had entered into an agreement with plaintiff whereby defen-

dant, as purchaser of the subject property, agreed to pay the broker's commission. The court also concluded that even if there was no enforceable contract, plaintiff was entitled to recover on the theory of *quantum meruit*. The cause of action for punitive damages was dismissed. This appeal by defendant ensued. We are of the view that the evidence presented at trial is insufficient to support the court's finding that defendant had entered into an agreement with plaintiff to pay the broker's commission and, therefore, the judgment should be reversed. Concededly, defendant did not expressly agree to pay the commission. It is most significant that when the purchase offer signed by defendant was filled out by plaintiff, plaintiff crossed out the word "seller" in the phrase "seller agrees to pay * * * brokerage commission", but did not substitute the words "purchaser" or "buyer". Furthermore, the customary practice in the area was that the seller would pay the broker's commission and certainly plaintiff, a broker, was well aware of the custom. In spite of this, plaintiff failed to obtain an express agreement manifesting a deviation from the normal practice. It is well established that in a nonjury case it is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court, and where a finding different from that of the trial court is not unreasonable, this court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony (*Lee v Slovak*, 81 AD2d 98, 100, app dsmd 54 NY2d 831). In our opinion, the trial court improperly found that defendant had agreed to pay the commission. Concerning the alternate theory of recovery based on *quantum meruit*, we find that the record does not support a determination that the services were rendered under circumstances which implied an agreement on the part of defendant to pay therefor, and thus conclude that recovery may not be had under this theory (*McKeon v Van Slyck*, 223 NY 392, 399). Accordingly, the judgment must be reversed. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P. J., Sweeney and Kane, JJ., concur.

Main and Levine, JJ., dissent and vote to affirm in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. In our judgment, there was clearly a contract implied in fact between the parties pursuant to which defendant is liable to plaintiff for the disputed commission. Although not formally stated in words, such a contract may well result as an inference from the facts and circumstances of a particular case, and it is "derived from the 'presumed' intention of the parties as indicated by their conduct" and "just as binding as an express contract arising from declared intention" (*Jemzura v Jemzura*, 36 NY2d 496, 504). In the present instance, the evidence presented at the trial established that defendant was first shown the Gomiller Farm by a licensed salesperson for plaintiff during November of 1976, and the closing on the property took place in August of 1977. During this time plaintiff's salesman took two trips of approximately 75 miles to show the parcel to defendant, and throughout the period plaintiff was continuously involved, through correspondence, telephone calls and meetings, with preparations for the ultimate transfer of the property. Moreover, the majority, in its opinion, ignores two most significant facts which stand uncontested in the record, to wit: that defendant was expressly informed by plaintiff during the early part of this period that he would be expected to pay the 10% commission in the sum of $3,888, and that defendant did not challenge the testimony of a vice-president of plaintiff to the effect that he had discussed the commission with defendant, who at the time did not dispute his responsibility to pay plaintiff but only asserted that he thought 10% was a very high rate. Additionally, defendant clearly indicated that he wished plaintiff to serve as his agent for the purchase

as early as November of 1976 when he forwarded to plaintiff a $1,500 certified check which was to be transmitted to the sellers' attorneys, and defendant's own attorneys during this time also admittedly understood that defendant was to pay the commission. It should further be noted that, on the offer to purchase signed by defendant, the provision obligating the sellers to pay the brokerage commission was stricken. Given these circumstances, it was plainly defendant who was obligated to pay for plaintiff's services, and his belated attempt to repudiate the agreement relative to the commission, only a few days before the scheduled closing on the property, was obviously a nullity after he had remained silent and registered no objection to the commission for many months while simultaneously enjoying the benefits of plaintiff's services. Accordingly, the judgment at Trial Term should be affirmed.