■ JAKOB S. SCHAECHTER, Respondent, v REGENCY PROPERTIES, INC., Doing Business as REGENCY PROPERTIES-BETTER HOMES AND GARDENS, Appellant. (And a Third-Party Action.) (Appeal No. 1.)—Judgment unanimously reversed, on the law and facts, with costs, defendant's counterclaim reinstated and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: In this action by plaintiff, who breached a contract to purchase real property procured for him by defendant, his broker, and owned by third-party defendants, it was error to order the escrow deposit returned to plaintiff, to dismiss defendant's counterclaim, and to hold that the sellers, third-party defendants, were liable for defendant's broker's commissions. Absent express exclusion of the broker's right, where a buyer employs a broker who procures an agreement which the buyer fails or refuses to perform, the buyer is liable for the commissions the broker would have earned if the agreement had been executed (see, Westhill Exports v Pope, 12 NY2d 491, 496-497; Long Is. Business Exch. v De Luca, 58 AD2d 594; Charles H. Coppard, Inc. v Chesbro, 34 AD2d 879; Duross Co. v Evans, 22 AD2d 573, 574-575; Tulp v Padula, 70 Misc 2d 306, 308; see generally, 11 NY Jur 2d, Brokers, § 98). This is true even where the contract or the usual practice contemplates

that the seller will pay the commissions *(see, Westhill Exports v Pope, supra; Duross Co. v Evans, supra; Tulp v Padula, supra)* and where there is only an implied contract of employment between the buyer and the broker and the buyer has not expressly undertaken to pay commissions *(see, Brabazon Agency v Donohue,* 57 NY2d 710, *revg* 87 AD2d 695, 696; *Duross Co. v Evans, supra,* pp 574-576; *Tulp v Padula, supra).*

Plaintiff enlisted the services of defendant to find a house. Through defendant's efforts, plaintiff contracted to purchase the home of third-party defendants but subsequently breached the contract. His refusal to perform the contract renders him liable to Regency for the commissions it would have earned had the contract been executed even in the absence of an express agreement by plaintiff to pay commissions and even though Regency expected that the commissions would be paid by the sellers *(see, Long Is. Business Exch. v De Luca,* 58 AD2d 594, *supra; Duross Co. v Evans,* 22 AD2d 573, 574-576, *supra; Tulp v Padula,* 70 Misc 2d 306, 308, *supra).*

The trial court correctly found that third-party defendants sellers' rights against the buyer were extinguished by the release which they executed and that they therefore had no claim to the amount held in escrow. The release extinguished any other remedies the sellers might have had but did not cut off the right of the buyer's broker to proceed against the buyer. Regency's counterclaim against the buyer should thus be reinstated and the matter remitted for trial to determine the amount of commission to which Regency would have been entitled under the contract of sale. (Appeal from judgment of Supreme Court, Monroe County, Pine, J.—summary judgment-return of deposit.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.