■ DONALD SCHARF et al., Respondents, v LONNIE CROSBY, Appellant, et al., Defendant.—Judgment and order unanimously reversed, on the law, without costs, and defendant Crosby's motion to dismiss complaint granted. Memorandum: Plaintiffs commenced this action against codefendants Lonnie Crosby and Ernie Shaffer alleging that defendants jointly and severally trespassed upon plaintiffs' land, and cut down and removed timber. The complaint seeks treble damages pursuant to RPAPL 861.

Shaffer defaulted in the action and the matter proceeded to trial against Crosby. The facts are not in significant dispute. Lands owned by plaintiffs and Crosby are contiguous and the boundary lines between them had been clearly marked. The record indicates that sometime in 1982 Crosby gave permission to Shaffer to cut trees on Crosby's property. The agreement between defendants was oral and general in scope and, according to Crosby, "I would be paid half of what he got for the logs. He would sell them * * * at the best market price * * * and I would be paid half of what he got for them." Shaffer thereafter proceeded to cut timber which he sold to Elkdale Wood Products, Inc., whose president testified that he paid Crosby 50% of the purchase price of the logs and 50% minus expenses to Shaffer. The witness further testified that he dealt exclusively with Shaffer and had nothing to do with Crosby regarding the sale of the timber.

The record additionally indicates that Crosby had nothing to do with the work of cutting timber, did not come on the site where the logging operations were conducted, and had nothing to do with the marketing of the logs. Crosby made timely motions to dismiss the complaint on the grounds that plaintiffs' proof failed to establish that a partnership or a joint venture existed between Crosby and Shaffer, the only grounds upon which Crosby could be held liable. The motions were denied and the matter was submitted to the jury, which rendered a verdict in favor of plaintiffs. We reverse.

In view of the fact that plaintiffs have failed to establish that Crosby cut any trees or trespassed on plaintiffs' property, the only theory upon which recovery may be predicated is that Crosby and Shaffer were engaged in a partnership or joint venture (Partnership Law §§ 24, 26).

The essential elements of a partnership are the sharing of profits and losses as principals *(Missan v Schoenfeld,* 95 AD2d 198, 207, *appeal dismissed* 60 NY2d 860). "An indispensable essential of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business *and submit to the burden of making good the losses* * * * An agreement to distribute the proceeds of an enterprise upon a percentage basis does not give rise to a joint venture if the enterprise does not represent a joinder of property, skills and risks" *(Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317 [emphasis in original], *appeal dismissed* 358 US 39; *see also, M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 214, *affd* 60 NY2d 936; *Lee v Slovak,* 81 AD2d 98, 100-101, *mot to dismiss appeal granted* 54 NY2d 831). "The sharing of gross returns does not of itself establish a partnership" (Partnership Law § 11 [3]). Sharing in the management of a business enterprise is characteristic of a partnership and "there cannot ordinarily be a partnership in which the entire management is vested in one partner" (15 NY Jur 2d, Business Relationships, § 1315, at 598). Thus, plaintiffs' argument that they are entitled to the statutory presumption of a partnership between defendants because of a sharing of profits (Partnership Law § 11 [4]) is without merit. The proof at trial fails to support the conclusion that Crosby and Shaffer shared profits and, indeed, indicates otherwise. Nor is plaintiffs' reliance on the Partnership Law § 40 availing. That statutory provision is triggered only after the partnership relationship has been established. (Appeals from judgment and order of Cattaraugus County Court, Dadd, J.—trespass.) Present—Callahan, J. P., Doerr, Denman, Boomer and Green, JJ.