■ LEONA RAPPAPORT, Respondent, v STEPHEN J. SABBETH, Appellant, et al., Defendant.—In an action to recover a broker's commission, the defendant Stephen J. Sabbeth appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered April 15, 1986, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal amount of $18,000.

Ordered that the judgment is affirmed, with costs.

Pursuant to a contract to convey real property entered into between the appellant as a purchaser and Ben A. Lipshy as the seller, the appellant agreed to pay any commission earned by the plaintiff, the real estate broker who first showed the subject premises to the appellant. Although the brokerage agreement was oral, and was never reduced to a signed writing, it is undisputed that the agreed-upon brokerage fee was to be $18,000. The evidence adduced at trial demonstrates that this commission was to be paid upon closing. At a

pretrial deposition, the plaintiff acknowledged that the appellant only agreed to pay the commission "when and if the matter closed". As a result of the appellant's willful default *(see, Lipshy v Sabbeth,* 134 AD2d 409 [decided herewith]), the sale was never completed and he contends, therefore, that the trial court incorrectly determined that the plaintiff was entitled to receive her commission.

"[T]he parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement, including a condition that the contract of sale actually be consummated before the broker is deemed to have earned his commission [but] an agreement that the broker is not entitled to his commission where the failure of the sale to be completed was due to the seller's default will be found only where such a result appears to have been clearly intended" *(Levy v Lacey,* 22 NY2d 271, 274; *see, Wagner v Derecktor,* 306 NY 386, 390-391). Where "a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure" *(Aimes v Wesnofske,* 255 NY 156, 162). Stated somewhat differently, "a party cannot insist upon a condition precedent, when its nonperformance has been caused by himself" *(Young v Hunter,* 6 NY 203, 204).

That the agreement at bar requires the buyer, rather than the seller, to pay the broker's commission does not alter this analysis. Indeed, even where a contract contemplates that the seller will pay the commission, "where a buyer employs a broker who procures an agreement which the buyer fails or refuses to perform, the buyer is liable for the commissions the broker would have earned if the agreement had been executed" *(Schaechter v Regency Props.,* 115 AD2d 981; *see, Westhill Exports v Pope,* 12 NY2d 491, 496-497; *Long Is. Business Exch. v De Luca,* 58 AD2d 594; *see generally,* 11 NY Jur 2d, Brokers, § 98).

Accordingly, since the evidence in the case at bar failed to demonstrate that the parties to the brokerage agreement clearly intended that the commission would not be earned even in the face of the buyer's willful refusal to perform his obligations under the contract of sale *(see, Levy v Lacey, supra,* at 276), the trial court properly determined that the appellant was liable to the plaintiff. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.