OPINION OF THE COURT
Louise Gruner Gans, J.
This action for damages based on breach of contract or for work and services rendered, involves a claim for payment of an employment agency fee. Both plaintiff agency and defendant prospective employer have moved for summary judgment. It is undisputed that at defendant’s request, plaintiff *171 agency referred to defendant a candidate for a costing executive position, which defendant represented that it had available and wanted to fill. The candidate was interviewed by defendant, was offered the position by defendant, and thereupon accepted the position. Before the candidate actually began to work for defendant, defendant reneged on the employment offer on the ground that the position was being eliminated. Defendant subsequently declined to pay plaintiff agency any fee. According to the invoice sent by plaintiff to defendant for its fee, the "invoice was payable within 30 days of starting date.” A starting date of May 16, 1988 is noted on the same invoice. According to both parties, their agreement was that defendant would pay plaintiff $10,200 as its fee after the candidate began employment with defendant. Both parties agree that the plaintiff’s fee would be payable within 30 days of the candidate’s starting employment, as stated in the invoice submitted by plaintiff to defendant.
The court determines that plaintiff is entitled to summary judgment for $10,200, the amount of the agreed upon fee. Plaintiff had performed all the conditions of its agreement with defendant, subject only to the actual start of employment by its candidate. That condition — the actual start of employment — failed solely because defendant prevented its performance by defendant’s unilateral decision to eliminate the position. Defendant’s action in preventing the start of employment of plaintiff’s candidate constitutes a breach of contract and plaintiff is entitled to damages. (Wagner v Derecktor, 306 NY 386 [1954]; Fiur Co. v Ataka & Co., 71 AD2d 370, 374-375 [1st Dept 1979]; Rappaport v Sabbeth, 134 AD2d 419 [2d Dept 1987].) These authorities relied upon are sufficiently conceptually similar to provide precedent for the determination of this dispute, despite the fact that they do not deal with employment agency fee disputes.
Contrary to defendant’s analysis, this case is distinguishable from the situation where a candidate for employment has a change of mind after accepting a position and never starts a job. In that situation, the failure to perform would not be attributable to acts within a prospective employer’s control and no agency fee would be due.
Accordingly, plaintiff is awarded summary judgment in the amount of $10,200.