■ ALBERT FREEDMAN, Appellant, v MICHAEL SHAPIRO, Respondent. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Floyd, J.), entered July 8, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff seller and the defendant buyer entered into a contract of sale of a parcel of real property situated on the waterfront of Fire Island. A building permit had been issued by the Town of Islip, but would not become effective until January 7, 1987. At any time prior to this date, the Town could modify or revoke the permit. The contract for the sale of the property in question was made contingent on the Town not revoking or modifying the permit. On or about January 2, 1987, a storm struck Fire Island. On January 5, 1987, the defendant purchaser had a survey done which indicated that approximately five feet of the property had been eroded. As a result of this erosion, the defendant's contractor was of the opinion that the building permit would no longer be valid. That same day, January 5, 1987, the defendant contends that he approached Town authorities to inquire as to the status of the building permit. The plaintiff contends that the defendant went to Town authorities and asked them to revoke the building permit.

That same day, the Town did, in fact, revoke the building permit, and the plaintiff returned the purchase price. The plaintiff alleges that he thereafter discovered that the defendant had actually requested that the permit be revoked, and commenced the instant action, alleging that the defendant violated the implied covenant of good faith and fair dealing. The defendant moved for summary judgment, which was granted, and this appeal ensued. The plaintiff contends that issues of fact exist as to whether or not the defendant did, in fact, request that the building permit be revoked, and whether or not this was what caused the permit to be revoked. We disagree.

Although a party to a contract may not avoid his obligations under the contract by frustrating a condition precedent, or by deliberately causing a condition subsequent which ends the contract *(see, e.g., Rappaport v Sabbeth,* 134 AD2d 419, 420; *McKenna v Case,* 123 AD2d 517) the record establishes that the defendant did not cause the permit to be revoked.

The plaintiff offered the deposition testimony of a Town employee, who stated that on January 5, 1987, the defendant "requested that the building permit be rescinded". However, that employee also stated that, despite the request, "[t]he termination was [the] decision" of the Commissioner of Planning and Development for the Town. The Commissioner stated in his deposition that the erosion necessitated the revocation of the building permit. In his letter dated January 5, 1987, revoking the permit, the only reason given by the Commissioner was erosion. Furthermore, an Assistant Town Attorney, Steven A. Lotto, affirmed that the permit had been revoked due to the erosion, and "[f]or that reason and that reason alone". There is no evidence that the revocation of the permit was due to anything other than the erosion. The plaintiff's contention that it was the defendant's alleged request which caused the revocation of the permit is not supported by the record (see, Freedman v Chemical Constr. Corp., 43 NY2d 260, 264; Spearmon v Times Sq. Stores Corp., 96 AD2d 552, 553). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.