■ MTI SYSTEMS CORP., Respondent, v MICHAEL HATZIEMANUEL, Also Known as MICHAEL HATZIEMMANUEL, Appellant, et al., Defendant.—In an action to recover payment on a guarantee, the defendant Michael Hatziemanuel appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated

June 28, 1988, which granted that branch of the plaintiff's motion which was for summary judgment against him on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion is denied.

In opposing summary judgment on the issue of liability, the appellant contends, *inter alia,* that the plaintiff must be deemed to have retained the collateral, and now owns it, in satisfaction of the debt which it secures. The appellant further claims that the plaintiff is precluded from recovering on the guarantee because the plaintiff has not disposed of the property and has failed to serve notice that it proposed to retain the collateral in discharge of the obligation. We disagree. UCC 9-505 (2) calls for written notice of the secured party's proposal to retain repossessed collateral in satisfaction of the obligation. Unless it becomes a purchaser at a sale, there is no other manner in which the secured party may become legal owner of the collateral after default *(cf., Industrial Equip. Credit Corp. v Green,* 62 NY2d 903; *Flickinger Co. v 18 Genesee Corp.,* 71 AD2d 382).

Nevertheless, summary judgment was inappropriate here because triable issues of fact exist concerning whether the plaintiff attempted to dispose of the collateral in a commercially reasonable manner (UCC 9-504); that is, whether the plaintiff's actions were in good faith and to the parties' mutual best advantage *(see, Central Budget Corp. v Garrett,* 48 AD2d 825, 826; *see also, Mack Fin. Corp. v Knoud,* 98 AD2d 713; *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.,* 81 AD2d 168). The plaintiff's claim that the collateral, certain computer equipment, is worthless and not capable of resale because its use was limited solely to the debtor's needs must be evaluated in view of those standards. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.