(January 29, 1990)

■ BancAmerica Private Brands, Inc., Respondent, v Marine Gallery, Inc., et al., Appellants.—In an action, *inter alia*, to recover damages pursuant to a security agreement, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), entered May 19, 1988, which, upon granting the plaintiff's motion for summary judgment and the plaintiff's motion for confirmation of a Referee's report and for leave to enter judgment in accordance with a stipulation dated December 10, 1987, is in favor of the plaintiff and against them in the principal amount of $100,000.

Ordered that the order and judgment is reversed, on the law, with costs, the order of the same court, dated May 22, 1987, is vacated insofar as it granted the plaintiff's motion for summary judgment and the motion for summary judgment is denied, that branch of the plaintiff's motion which was to confirm the Referee's report insofar as it fixed the Referee's fee in the sum of $385 is granted and that motion is denied in all other respects, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

"A secured party seeking a deficiency judgment from the debtor after sale of the collateral bears the burden of showing that the sale was made in a 'commercially reasonable' manner" *(Mack Fin. Corp. v Knoud,* 98 AD2d 713, quoting from UCC 9-504). As there are triable issues of fact concerning whether the plaintiff disposed of the collateral in a commercially reasonable manner, the Supreme Court improperly awarded summary judgment to the plaintiff *(see, MTI Sys. Corp. v Hatziemanuel,* 151 AD2d 649; *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.,* 81 AD2d 168).

We have considered the defendants' remaining contention and find it to be without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.