■ NATHAN FRIDMAN, Respondent, v DIME SAVINGS BANK OF NEW YORK, FSB, Appellant. [611 NYS2d 636] —In an action for a permanent injunction, the defendant appeals from an order of the Supreme Court, Queens County (Rutledge, J.), entered April 21, 1992, which granted the plaintiff's application for an injunction and denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's application is denied, the defendant's cross motion is granted, and the complaint is dismissed.

In 1986, the parties entered into 32 loans which were secured by shares of stock held by the plaintiff and allocated to 32 apartments in a cooperative apartment building in Queens. The plaintiff subsequently defaulted on the loans, causing the defendant to serve him with notices of its intention to accelerate payments on the notes underlying the loans. After lengthy negotiations the parties entered into a forebearance agreement, on which the plaintiff again defaulted. The plaintiff then commenced this action to enjoin the sale of the shares of stock in the 32 cooperatively-held apartments, alleging that the notice of auction that the defendant had served did not conform with Lien Law § 201. In response the defendant asserted that the notice was in conformity with UCC 9-504, the provision which was referred to in the loan and under which it had proceeded. The court granted the plaintiff's application for injunctive relief, and we reverse.

The plaintiff totally failed to establish a likelihood of success on the merits, or to demonstrate that the equities balance in his favor, and therefore is not entitled to a preliminary injunction (see, County of Orange v Lockey, 111 AD2d 896). Moreover, the defendant established that the complaint failed

to state a cause of action upon which relief could be based. It is well settled that in the case of a default on a security agreement which underlies a loan related to the purchase of shares in a cooperative, the remedies found in UCC article 9 are available to the lender *(see, Fundex Capital Corp. v Reichard,* 172 AD2d 420; *Saada v Master Apts.,* 152 Misc 2d 861). Therefore, the defendant is entitled to the dismissal of the complaint. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.