■ Gerald A. Berton, Appellant, v Tabat Marine, Inc., et al., Respondents. [648 NYS2d 347] —In consolidated actions to recover damages, *inter alia,* for fraud and breach of contract, Gerald A. Berton appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered April 4, 1995, as (1) denied those branches of his motion which were for partial summary judgment dismissing the respondents' first and second causes of action, and for partial summary judgment as to liability on his fifth and sixth causes of action, (2) upon searching the record, dismissed his fifth and sixth causes of action, and (3) granted that branch of the

respondents' cross motion which was to dismiss the appellant's fourth cause of action. The appeal brings up for review so much of an order of the same court, entered December 14, 1995, as, upon reargument, adhered to the original determination dismissing the appellant's fourth, fifth, and sixth causes of action (*see,* CPLR 5517).

Ordered that the appeal from so much of the order entered April 4, 1995, as dismissed the appellant's fourth, fifth, and sixth causes of action is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered December 14, 1995, made upon reargument; and it is further,

Ordered that the order entered December 14, 1995, is modified, on the law, by deleting the provision thereof adhering to so much of the original determination as upon searching the record dismissed the appellant's fifth cause of action, and substituting therefor a provision reinstating that cause of action; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the order entered April 4, 1995, is modified accordingly; and it is further,

Ordered that the order entered April 4, 1995, is modified, on the law, without costs or disbursements, by deleting the provision thereof which denied that branch of the appellant's motion which was for partial summary judgment dismissing the respondents' first and second causes of action, and substituting therefor a provision granting that branch of the motion and dismissing the respondents' first and second causes of action; as so modified, the order entered April 4, 1995, is affirmed insofar as reviewed, without costs or disbursements.

We find that a release dated December 3, 1990, is enforceable (*see,* General Obligations Law § 15-303), and bars the respondents' first and second causes of action. Accordingly, those causes of action are dismissed.

Pursuant to the agreements between the parties, the appellant did not secure title to the stock purchased by him. Nevertheless, the appellant may claim that his rights under UCC 9-504 and 9-505 were violated (*see,* UCC 9-202; *Fridman v Dime Sav. Bank,* 204 AD2d 387; *MTI Sys. Corp. v Hatziemanuel,* 151 AD2d 649), and therefore, his fifth cause of action based upon UCC article 9 is reinstated.

The appellant's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.