In the Matter of the Application of ⌜ROBERT F. REYNOLDS, Petitioner, against LEWIS J. VALENTINE, Police Commissioner of City of New York, Respondent.*

Supreme Court, Special Term, New York County, October 24, 1938.

*Austin & Du Pont* [*Albert A. Du Pont* and *Stephen J. Masse* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Frederick V. P. Bryan, First Assistant Corporation Counsel*, and *Charles C. Weinstein, Assistant Corporation Counsel*, of counsel], for the respondent.

---

* See, also, *Pike Co., Inc.,* v. *City of New York*, (169 Misc. 109).

Noonan, J. Motion for reargument is granted and upon reargument the original decision is adhered to.

On January 1, 1938, the police commissioner of the city of New York issued to the petitioner, a duly licensed pilot of aircraft, a license to operate aircraft towing advertising banners over the city of New York. On Sunday, August 7, 1938, a pilot named Purchase, holding a similar license, made a forced landing in Dreamland Park, Coney Island, endangering the lives of countless thousands of persons who had gone to Coney Island that day. Pending an investigation the police commissioner at the direction of the mayor temporarily suspended all licenses, including that of the petitioner, although petitioner was not involved in the Purchase incident.

The answer substantially admits these allegations but sets forth that the suspensions were in the public interest and in the interest of the protection of the lives, safety, health and welfare of the people of the city of New York; that the police commissioner is under a duty to protect the rights of persons and property and that the suspension was a reasonable and proper exercise of the discretion vested in him under subdivision c of section 436–4.0 of the Administrative Code of the City of New York, which provides that all permits for aircraft towing banners " shall be issued, suspended or revoked, in the discretion of the police commissioner, and subject to such rules and regulations as may be adopted by him in the best interests of safety to public health, life and property."

Petitioner had no absolute right to operate aircraft towing banners except under a permit. This permit has been temporarily suspended, pending an investigation not yet completed. This was a reasonable exercise of the broad discretion vested in the commissioner. (Doolittle v. Supervisors of Broome County, 18 N. Y. 155, 163; Matter of Ormsby v. Bell, 218 id. 212, 216; Matter of Agoglia v. Mulrooney, 259 id. 462.)

The statute was a reasonable and necessary exercise of the police power in order to protect lives and property. (Schmidinger v. City of Chicago, 226 U. S. 578; People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429.)

Section 1295 of the Civil Practice Act provides that if no triable issue is raised " the court shall forthwith render such final order as the case requires." In denying the original motion, the court had reached the conclusion that there was no triable issue and that upon the pleadings, the accompanying papers and the law, the respondent was acting within the authority conferred upon him. Order signed.