Howard T. Hogan, J.
In this action for a declaratory judgment the plaintiff seeks to have certain of the ordinances of the Incorporated Village of Freeport declared unconstitutional and to declare the summonses containing charges of 11 No Cabaret License ” issued by the Police Department of the Vil *889 lage declared null and void; directing the trial of the aforesaid charges of “No Cabaret License ” to he transferred to the Supreme Court or the County Court to be tried together with the instant action for a declaratory judgment; and staying the trial of the charge of “ No Cabaret License ” in the Police Court of the village until the determination is made of the within proceeding; and to enjoin and restrain the defendants from issuing any further summonses based on alleged violations of said village ordinances.
The plaintiff is the lessee of premises in the incorporated village known as “ Big Al’s Steak House ”. In January of this year the premises were approved for the sale of food by the Department of Health, and thereafter the Mayor issued a license therefor. However, no alcoholic beverages are sold. Prior to the issuance of this license the defendant on October 14, 1968. applied to the Village Clerk for a license to provide live entertainment and music pursuant to section 3-29 of article 3 of the Code of Village Ordinances, entitled “ Dancehalls and Cabarets ”. On March 13,1969, plaintiff was advised in writing that this application had been denied. The letter indicated that the basis of the denial was the past history of the subject premises and traffic problems in the area.
At no time since he filed the application on October 14, 1968, has the plaintiff ever been given the opportunity to be heard by the licensing officer in connection with his application or to present his qualifications to receive and utilize the aforesaid license and he alleges that the denial of the application is injurious financially and otherwise.
Plaintiff alleges that the village ordinances, to wit: section 3-29 of article 3 and section 16-5 of article 1 of the Hnified Code of Ordinances of the Village are unconstitutional in that they contain no standards by which a determination may be made by the Mayor, the licensing officer; there is no requirement in the ordinance for a written denial or grant of said license; there is no provision therein for time limits within which the Mayor must act on these applications; there is no provision for a hearing before the licensing official. By reason of the foregoing, he contends these ordinances deprived the plaintiff of a property right without due process of law, that the ordinances are otherwise void and that the Mayor in denying the license acted arbitrarily and capriciously.
The defendant contends that plaintiff’s complaint is without merit in that section 16-6 of article 1 of the village code provides for a hearing before the Board of Trustees of the village in conformity with section 91 of the Village Law. *890 It should be noted that this section of the village code follows verbatim section 91 of the Village Law and provides in substance that a license may be refused, if in the judgment of the licensing officer (the Mayor, if so designated) finds the proposed use is likely to disturb the peace and order of the village or be immoral or improper. It further provides that in the event of refusal by the licensing officer, the applicant may apply to the Board of Trustees.
The subject premises, formerly known as “ The Celebrity Club ”, has an unsavory history. ' The record of the Police Department over the past 20 years reveals a total of nearly 300 complaints and many arrests. The arrests covered the gamut of crime.
It is the plaintiff’s contention that the ordinances are further unconstitutional in that these do not relate to the public health, safety or morals as required by the statutes and the Constitution and that these deprive the plaintiff of use of his property without due process; that the denial by the Mayor was illegal and deprives the plaintiff of a livelihood. Since February of 1969 on five separate occasions summonses were issued charging the plaintiff with failure to comply with said ordinances by virtue of his failure to obtain a cabaret license.
Whether the plaintiff received summonses or not for alleged violations has no bearing on the constitutionality of the ordinance. The trial of these actions has been stayed pending the determination of the constitutionality of the ordinances.
It appears that the procedure followed by the village after the application is filed is for the Village Clerk to transmit to the Mayor the application with the question whether the licenses should be issued. This is held pending reports from the Police and Building Departments. The Building Department gave its approval, but there is no evidence of any report being received from the Police Department, but since the police did not approve the application, this is construed as a disapproval.
The Mayor’s report approved the restaurant and denied the cabaret license. No reasons were given.
The constitutionality of a statute is determined by the statute itself and not by extraneous matters. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.)
Moreover, a statute may properly provide that a licensing officer is not required to give an applicant a hearing on an original application for a license (Matter of Moltzen v. Hostetter, 24 A D 2d 1018; Matter of Stachurea v. O’Connell, 271 App. Div. 162).
*891 License laws are subject to the constitutional guarantee of due process but such laws do not contravene such guarantee unless they are so unreasonable in their nature and purpose that the personal property rights of the citizen are destroyed or unnecessarily interfered with. (City of Rochester v. Gutberlett, 211 N. Y. 309; Matter of Reynolds v. Valentine, 169 Misc. 631; Finlay Straus, Inc., v. University of State of N. Y. 270 App. Div. 1060.)
This court finds the ordinances and statutes in question relating to licenses for entertainment are not violative of due process of either the Federal or State Constitutions and that these do meet the test of reasonableness. These ordinances and statutes are indeed related to the public health, safety, morals and general welfare which in and of themselves are standards and guides and in no way unreasonable or discriminatory. Statutes are presumed to be constitutional and every intendment is in favor of their validity. (Seagram & Sons, v. Hostetter, 45 Misc 2d 956, affd. 23 A D 2d 933, affd. 16 N Y 2d 47.)
The plaintiff is not denied an opportunity to be heard by reason of the provision in the ordinances and statutes whereby the Board of Trustees will hold such hearing. Hence, there is no violation of due process. (Schafran & Finkel v. Lowenstein & Sons, 280 N. Y. 164.) However, whether the Mayor, once having acted upon the application, may sit in review as a member of the Board of Trustees of the village is doubtful for the applicant is entitled to a hearing before that body that is ‘ ‘ fair in ■ all respects, to the exclusion of knowledge possessed by the trier of the facts ” (Matter of Waters v. McGinnis, 29 A D 2d 969, 970; Matter of Cross v. Pearsall, 29 A D 2d 553; Matter of Hecht v. Monaghan, 307 N. Y. 461).
The fact that there may have been an undue delay in the denial of this application did not leave the plaintiff without his remedy by writ of mandamus which would have afforded him a prompt hearing. There need be no requirement that the Mayor hold a hearing to take testimony when he is acting as an administrative officer when the ordinances and statutes provide for such a hearing before the board. Whether the Mayor’s action was arbitrary, unreasonable or capricious in no way relates to the constitutionality of the ordinances or statutes.
The discretion granted the Mayor as a licensing officer is valid. It is not always necessary for licensing that specific guidelines are set down for the licensing officer and a reason *892 able amount of discretion may properly be delegated to the officer. (Matter of Bologno v. O’Connell, 7 N Y 2d 155.)
As long as the licensing officer does not exercise his discretion capriciously, even absent specific standards to guide him, he is not precluded from considering other factors on any specific application for a permit, the same as the Village Board itself may do. (Matter of Shell Oil Co. v. Farrington, 19 A D 2d 555; 62 C. J. S., Municipal Corporations, §§ 160, 161 and 169.)
Accordingly, the complaint in all respects is dismissed and the stay vacated. There is no evidence that would preclude the Village Police Court from hearing and disposing of the pending charges.