Charles R. Thom, J.
This is a motion by defendant for a summary judgment in favor of defendant and against plaintiff based upon the first, second, third, fourth, fifth and seventh counterclaims, for judgment declaring a certain local law of the plaintiff Village of Southampton to be unconstitutional. Plaintiff cross-moves for summary judgment upon its cause of action for a permanent injunction, enjoining and restraining the defendant from operating its business without a license pursuant to local law.
The issue presented before the court is the validity of the local law which is the subject matter of this action. Since there are no issues of fact presented, the court finds that the question of law presented is the proper subject matter for summary judgment.
On April 10, 1970, plaintiff Village of Southampton adopted Local Law No. 1 of 1970, effective April 14, 1970, entitled “ A Local Law Regulating Certain Forms of Entertainment in the Village of Southampton and Providing for the Licensing of *292 Some Forms thereof ”. Defendant is the operator of a tavern known as “ Mr. Laffs ”, at 17 Cameron Street in the Village of Southampton, New York. On June 11, 1971, defendant applied to the Building Inspector for a license pursuant to the provisions of the local law, which application was denied on June 15, 1971. Defendant appealed the decision of the Building Inspector to the Village Board, which conducted a hearing on July 8, 1971, and on July 15, 1971 the Village Board denied defendant’s appeal.
The power of a village to enact local laws for the licensing and regulation of businesses is not in issue. (Municipal Home Buie Law, § 10; Village Law, §§ 90, 91.) The question presented is whether this local law constitutes a reasonable exercise of its police powers.
The local law requires a license for entertainment in places that are open to the public. The entertainment may be live or by mechanical device, such as a“ juke box ’ ’, radio or phonograph.
The court has carefully gone over each provision of the local law, and after due consideration, the court finds the following provisions of the statute to be invalid:
“ Section 5. Audible Sound. No entertainment shall be provided in any place for which a license is required pursuant to Section 2 hereof in such a manner that the sound emanating therefrom between the hours of 11:00 p.m. and 7:00 a.m. shall be plainly audible at a distance of 100 feet from the building, place or premises where the entertainment is being provided and permitted.”
The foregoing provision appears to fall within the realm of “ anti-noise ” legislation, rather than the regulation of entertainment. The court doubts that any person can reasonably comply with such a provision, since it requires a completely subjective test, and is subject to numerous variables and changing conditions. The distance that sound will travel depends upon several factors which are never constant.
Section 14 provides for the temporary suspension or revocation of a license upon a commission of ‘ ‘ one or more of the acts or ommissions constituting the grounds for suspension or revocation under this local law. The licensee may petition for an appeal hearing before the Board of Trustees pursuant to the provisions contained in Section 16. However, such temporary suspension or revocation shall remain in effect during the appeal period.” Under this section, a licensee may have its license suspended and revoked without notice or an opportunity to be heard, and would be unable to continue in business pending an *293 appeal, and no time in which the appeal is to be heard and determined is prescribed. The court finds that this provision violates the principles of due process of law.
Section 15(h) provides that, among the grounds for revocation or suspension of a license are that a licensee has 1 ‘ Violated any provision of this local law, or any statute or any ordinance of the Village of Southampton even though no charge of such violation is made or conviction therefor had ” (emphasis supplied). The court finds that this provision also violates the principles of due process of law.
The court finds that the remaining provisions of the statute are related to the public health, safety, morals and general welfare, and that they meet the test of reasonableness. (Price v. Village of Freeport, 60 Misc 2d 888.)
Accordingly, defendant’s motion for summary judgment is granted to the extent that sections 5,14 and 15(h) of Local Law No. 1 of 1970 of the Village of Southampton are declared null and void.
Plaintiff’s cross motion for summary judgment is granted, and plaintiff is awarded judgment permanently enjoining the defendant from permitting or providing entertainment upon defendant’s premises without having obtained a license to do so under Local Law No. 1 of 1970 of the Village of Southampton, subject to the plaintiff’s excising therefrom the aforesaid provisions which the court has found to he null and void.