■ MELRON AMUSEMENT CORP. et al., Appellants, v TOWN OF MAMARONECK et al., Respondents. — In an action for a declaratory judgment, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered February 18, 1982, which declared certain provisions of Local Law No. 2 of the Local Laws of 1981 of the Town of Mamaroneck to be legal and valid.

Judgment modified, on the law, to the extent that Local Law No. 2 (§ C, subds 9, 13) of the Town of Mamaroneck is declared illegal and invalid. As so modified, judgment affirmed insofar as appealed from, with costs to the plaintiffs, and the respondent Town of Mamaroneck is hereby directed to conduct further public hearings in accordance herewith.

In September, 1981, the Town of Mamaroneck adopted Local Law No. 2 which regulated the use and operation of mechanical amusement devices, such as video games and pinball machines, displayed for public patronage. Plaintiffs own and operate Cook's Restaurant located in the Town of Mamaroneck, which contains, in addition to a dining facility, a game room with various electronic games and amusement devices. The game room at Cook's Restaurant had been in operation prior to the town board's enactment of Local Law No. 2. Plaintiffs instituted this action seeking to declare all or part of Local Law No. 2 illegal and invalid.

Section 10 (subd 1, par ii, cl a, subcl [12]) of the Municipal Home Rule Law authorizes municipalities to adopt ordinances providing for the regulation and licensing of occupations and businesses. Similarly, subdivision 12 of section 130 and subdivision 3 of section 136 of the Town Law authorize a town board to provide by local ordinance for the licensing and regulation of amusement and entertainment businesses.

Licensing requirements and regulation of amusement arcades have been upheld by the courts on the basis that such restrictions are rationally related to the promotion and preservation of the public welfare and safety (*Matter of Tommy & Tina, Inc. v Department of Consumer Affairs,* 117 Misc 2d 415, affd 95 AD2d 724, affd 62 NY2d 671; *Pecoraro v City of Buffalo,* 112 Misc 2d 985; see, also, *America's Best Family Showplace Corp. v City of New York, Dept. of Bldgs.,* 536 F Supp 170; cf. *Aladdin's Castle v City of Mesquite,* 630 F2d 1029). For example in *Matter of Tommy & Tina, Inc. v Department of Consumer Affairs (supra,* p 724) the First Department upheld a regulation which permitted installation of video games only in those premises which were not located "within 200 feet of a private elementary or secondary school". Similarly, in *Pecoraro v City of Buffalo (supra),* the court upheld that part of a city ordinance which prohibited all persons under the age of 16 years from being in an amusement arcade during school hours on any weekday that the city public schools were open.

In this case, Local Law No. 2, *inter alia,* imposes a licensing requirement on businesses which display amusement devices for public patronage. The local law also restricts the number of amusement devices permitted per premises and limits the hours of operation of the devices to 8:00 A.M. to 11:00 P.M. on Monday through Friday and 8:00 A.M. to midnight on Saturday, Sunday and holidays. The evidence in the record establishes that the town board was concerned that the availability of these amusement devices to school-aged children during late evening hours would encourage truancy and related problems. In addition, since many of the businesses which feature amusement arcades and attract large groups of children, are located in heavily trafficked areas, the potential for accidents involving children exists. By limiting the number of amusement devices per premises, fewer children would tend to congregate thereby minimizing the risk of such accidents. For these reasons, we find that Local Law No. 2 constitutes a proper exercise of the town board's police power as it is rationally related to the protection and preservation of the public welfare and safety. Moreover, plaintiffs' claim that Local Law No. 2 is arbitrary and discriminatory

because it is directed solely at Cook's Restaurant, is without merit. The law has general applicability to all businesses within the Town of Mamaroneck which permit the use and operation of amusement devices on their premises. There is no basis in the record upon which to conclude that the law was directed exclusively against plaintiffs' enterprise.

Although Local Law No. 2 as a whole constitutes a proper exercise of police power, we find subdivision 13 of section C thereof to be invalid. Subdivision 13, in essence, provides that any business which at the date of the law's adoption does not conform with its provisions dealing with the number of amusement devices permitted on the premises, shall be permitted to "continue as a non-conforming use in the same way and to the extent that existed at their location as of April 1, 1981 — the date of the first public discussion on the adoption of this Local Law. All machines added at any location after April 1, 1981 up and to the date of the adoption of this Local Law which exceed [these] provisions * * * may remain on the premises for a period of one year only from the date of the filing of this Local Law with the Secretary of State." This provision, which amended the original proposed local law, was prompted by the town board's discovery that plaintiff had increased the number of machines at Cook's Restaurant from 56 to 114 machines during the period of April 1, 1981 to September 9, 1981. The town board adopted this amendment upon an oral motion by a board member without giving proper notice to plaintiffs or providing an opportunity to be heard. Accordingly, subdivision 13 is invalid on procedural due process grounds.

In addition, the record contains insufficient evidence to support the town board's decision to limit the number of machines on the premises of nonconforming businesses retroactive to April 1, 1981. While the town board was obviously concerned with the substantial increase in the number of machines at Cook's Restaurant between April 1, 1981 and September 9, 1981, the board failed to present sufficient evidence to establish that the local law's retroactive provision was rationally related to the preservation of the public welfare and safety. Thus, the town board is hereby directed to conduct further public hearings upon due notice to consider the reasonableness of the provision dealing with nonconforming businesses which existed prior to the effective date of Local Law No. 2.

On this point, we note that Special Term improperly determined that plaintiffs were equitably estopped from challenging the validity of subdivision 13 of section C on the basis that plaintiffs substantially increased the number of amusement

devices at Cook's Restaurant with the knowledge that the town board intended to regulate the use and operation of such machines. The elements of equitable estoppel are "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts" (*Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82). Herein there is insufficient evidence in the record to establish that plaintiffs falsely represented or concealed the fact that the number of machines on their premises had been increased. Accordingly, plaintiffs are not estopped from challenging Local Law No. 2 (§ C, subd 13).

Finally, we conclude that subdivision 9 of section C which deals with the revocation and suspension of licenses violates the principles of due process. The subdivision does not contain ascertainable standards or criteria by which the town board is to decide whether to revoke or suspend a license nor does it contain standards for an appeals procedure in the event the town board acts arbitrarily in revoking a license (see *Village of Southampton v Tekworth*, 69 Misc 2d 291). Although we find subdivision 9 to be invalid, this finding is without prejudice to the right of the town board to adopt a new provision concerning the revocation of licenses after due notice and a public hearing.

We have reviewed plaintiffs other contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.