■ In the Matter of MATTHEW BENINCASA, Appellant, v GUY GARRUBBO et al., Respondents.—In a proceeding pursuant to CPLR article 78 wherein the petitioner seeks to compel disclosure of the respondents' corporate records pursuant to Business Corporation Law § 624, the petitioner appeals (1) from a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated October 27, 1986, which, upon granting the respondents' motion for summary judgment, dismissed the proceeding, and (2) as limited by his brief, from so much of an order of the same court, dated May 20, 1987, as, upon granting petitioner's motion to renew, adhered to the original decision.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order, made upon renewal; and it is further,

Ordered that the order is reversed insofar as appealed from, the judgment is vacated, and the matter is remitted to the Supreme Court, Rockland County, for a trial in accordance herewith; and it is further,

Ordered that Paul S. Shoock, Esq., is disqualified from representing the respondents and no further proceedings shall be taken against the respondents, without leave of the court, until the expiration of 30 days after service upon them personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c); and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner Matthew Benincasa was a director and the Secretary Treasurer of Rockland Motor Cars, Ltd., formerly known as Porche/Audi of Rockland Inc., until August 30, 1986. The respondents are Rockland Motor Cars, Ltd. and its president Guy Garrubbo.

On September 20, 1982, the petitioner and the respondents entered into an agreement which provided for the petitioner's purchase of 30% of all the corporate outstanding stock "for a total consideration" of $75,000. The section of the contract entitled "Conditions" read in pertinent part as follows:

"This Agreement shall be subject to the following conditions:

"A) The approval of this sale and of the PURCHASER as a stockholder by Volkswag[e]n * * *

"D) The execution of a Shareholder's Agreement".

On the same day, the parties entered into a shareholders' agreement which listed the petitioner as a 30% shareholder.

On July 1, 1986, the petitioner made a written request to inspect the minutes and records of the respondent corporation and his request was denied.

On or about August 19, 1986, the petitioner commenced the instant proceeding to compel an inspection pursuant to Business Corporation Law § 624. In the petition, he alleged that he was entitled to the inspection due to his ownership of 30% of the outstanding corporate stock since September 20, 1982. By notice of motion dated August 28, 1986, the respondents moved to dismiss the petition. In the affidavit, the respondent Guy Garrubbo claimed the petition was legally insufficient because the petitioner was not a shareholder of record in the respondent corporation. Garrubbo alleged that on September 20, 1982, he and petitioner entered into a series of agreements wherein the petitioner was afforded the opportunity to purchase 30% of the stock in the respondent corporation for total consideration of $75,000. He claimed that franchisor approval was intended to be a condition precedent to the actual transfer of the stock. He further claimed that on May 31, 1985, the petitioner submitted his application for approval as a shareholder with the franchisor and that "[t]o date" no approval had officially been made. The petitioner alleged that the reason no approval had been received was Garrubbo's interference with his application.

By judgment dated October 27, 1986, the Supreme Court dismissed the proceeding, holding the condition requiring franchisor approval was a condition precedent which had not been fulfilled, and thus the petitioner was never actually issued the stock as required under Business Corporation Law § 624. We disagree for several reasons.

Initially, we note that summary judgment is a drastic remedy to be granted only when there is no clear triable issue of fact presented *(Andre v Pomeroy,* 35 NY2d 361) and even the color of a triable issue forecloses the remedy *(Newin Corp. v Hartford Acc. & Indem. Co.,* 62 NY2d 916). In deciding a summary judgment motion, the evidence must be construed in a light most favorable to the party opposing the motion *(Weiss*

*v Garfield,* 21 AD2d 156). We also note that the mere fact that the petitioner's name does not appear on a record of stockholders or the fact that he does not physically possess stock certificates is not dispositive here because these facts are not conclusive evidence of not owning stock *(see, United States Radiator Corp. v State of New York,* 208 NY 144; *Matter of Rappaport [Jileen Sec. Corp.],* 110 AD2d 639). Rather, we find the petitioner could have owned 30% of the corporate stock which would entitle him to the discovery he seeks to compel (Business Corporation Law § 624) if the conditions set forth in the contract of sale were intended by the parties to be a condition subsequent. A condition subsequent does not delay the enforceability of a contract; it only preserves the possibility that a contract can be set aside later in time if the condition is not fulfilled *(see, Board of Educ. v Statewide Vending Corp.,* 84 AD2d 754, *affd* 58 NY2d 718). Thus, there is a triable issue of fact which requires the determination of when the parties intended the transfer of stock to take place, upon the signing of the contract or sometime in the future *(see, Deering Milliken v Clark Estates,* 43 NY2d 545; *Matter of Stewart Becker, Ltd. v Horowitz,* 94 Misc 2d 766).

There is also an issue of fact regarding the respondent Garrubbo's alleged interference with the petitioner's attempts to obtain franchisor approval. A party to a contract cannot insist upon the fulfillment of a condition when he has been the cause of its nonperformance *(Graff v Billet,* 64 NY2d 899; *Rappaport v Sabbeth,* 134 AD2d 419) and the result would prove unreasonable and inequitable *(Young v Hunter,* 6 NY 203). If Garrubbo is found to have actually interfered, the court may have to preclude the respondents' defense of non-ownership of stock.

In addition, the questions before us may be decided by utilizing the principle of equitable estoppel. Its applicability requires the essential elements of (1) conduct which amounts to a false representation or concealment of material facts, (2) intention that such conduct will be acted upon by the other party, and (3) knowledge of the true facts *(Melron Amusement Corp. v Town of Mamaroneck,* 104 AD2d 858; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68). Should these elements be found, the respondents would be equitably estopped from claiming any facts but the facts represented on which the other party relied *(see, Simcuski v Saeli,* 44 NY2d 442; *Golser v Golser,* 115 AD2d 695; *Fishman v Hymes,* 114 AD2d 802). Should it be proved that the petitioner refrained from attempting to get approval in reliance on Garrubbo's

representation that Garrubbo would get the approval, then the respondents may be equitably estopped from claiming the petitioner's lack of stock ownership. Thus, disclosure may be required under Business Corporation Law § 624.

Lastly, we find the respondents' attorney should be disqualified, as his involvement in this matter illustrates a clear conflict of interest. Code of Professional Responsibility DR 5-102 (A) provides that if an attorney, after undertaking employment in contemplated or pending litigation, learns or it becomes obvious that he ought to be called as a witness on behalf of his client, he shall withdraw from the case (see also, Code of Professional Responsibility DR 5-101; Solomon v New York Prop. Ins. Underwriting Assn., 118 AD2d 695). Where the question arises, doubts should be resolved in favor of disqualifying the lawyer (People v Paperno, 54 NY2d 294, on remand 90 AD2d 168; Tru-Bite Labs v Ashman, 54 AD2d 345; see also, Hull v Celanese Corp., 513 F2d 568). Upon a review of the record, we find it obvious that the respondents' attorney will become an essential witness at the trial (see generally, Seeley v Seeley, 129 AD2d 625). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.