■ 108TH STREET OWNERS CORP., Appellant-Respondent, v OVERSEAS COMMODITIES LIMITED, Also Known as OVERCOM, et al., Respondents-Appellants. [656 NYS2d 942] —In an action, *inter alia,* for a deficiency judgment under Uniform Commercial Code article 9, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated August

16, 1995, as denied its motion for summary judgment on the issue of liability, and the defendants cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and to disqualify the plaintiff's counsel.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' cross motion which was to disqualify the plaintiff's counsel and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendants; and it is further,

Ordered that William C. Ruffer is directed to personally serve his former client with a copy of this decision and order on or before May 15, 1997, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c); and it is further,

Ordered that William C. Ruffer is directed to file with the Clerk of the Supreme Court, Queens County, proof of service upon his former client of the instant decision and order; and it is further,

Ordered that no further proceedings shall be taken against the plaintiff, without leave of the court, until the expiration of 30 days after service upon it personally of a copy of this decision and order, with notice of entry.

The Supreme Court properly denied both the plaintiff's motion for summary judgment on the issue of liability and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. The record presents a triable issue of fact concerning whether the plaintiff's disposition of the defendants' collateral was commercially reasonable within the meaning of UCC § 9-504; that is, whether the plaintiff acted in good faith and to the parties' mutual best advantage (*see, Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128, 135; *Marine Midland Bank v CMR Indus.,* 159 AD2d 94; *MTI Sys. Corp. v Hatziemmanuel,* 151 AD2d 649; *Dougherty v 425 Dev. Assocs.,* 93 AD2d 438, 446-447).

The Supreme Court, however, erred in denying that branch of the defendants' motion which was to disqualify the plaintiff's counsel. Code of Professional Responsibility DR 5-102 (A) (22 NYCRR 1200.21 [a]) "provides [with certain exceptions not applicable here] that if an attorney, after undertaking employment in contemplated or pending litigation, learns or it becomes obvious that he ought to be called as a witness on behalf of his client, he [or she] shall withdraw from the case" (*Matter of Benincasa v Garrubbo,* 141 AD2d 636, 639). Whether a witness ought to testify is not alone determined by his or her

possession of relevant knowledge or involvement in the transaction at issue. Disqualification may be required "only when it is likely that the testimony to be given by the witness is necessary" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445-446). Any doubts should be resolved in favor of disqualifying the lawyer (*see, People v Paperno,* 54 NY2d 294, *on remand* 90 AD2d 168; *Matter of Benincasa v Garrubbo, supra*). Under the circumstances of this case, disqualification should have been granted. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.