■ Louis CHIAFFARANO, Respondent, v JOSEPH WINSTON et al., Defendants, and GENESEE FALLS, LTD., et al., Appellants. [673 NYS2d 922] —In an action, inter alia, to recover damages for breach of fiduciary obligations and fraud, the defendants Genesee Falls, Ltd., and Modern Holding Co. appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 6, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiff's cross motion which was to disqualify the law firm of Winston & Winston from representing them.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the motion of Modern Holding Co. and Genesee Falls, Ltd., for summary judgment dismissing the complaint insofar as asserted against them (see, Chiaffarano v Winston, 234 AD2d 329).

Moreover, the Supreme Court properly disqualified Joseph Winston and Allan Winston and their law firm Winston & Winston from representing the defendants Genesee Falls, Ltd., and Modern Holding Co. Joseph Winston and Allan Winston are principals of Genesee Falls, Ltd., partners in Modern Holding Co., and codefendants of Genesee Falls, Ltd., and Modern Holding Co., in the instant action. The plaintiff in his complaint charges Joseph Winston and Allan Winston individually with fraud and breach of fiduciary duty. They "ought to be called" as witnesses in the action (Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)]), and

have substantial stakes individually in its outcome. Under the circumstances, the branch of the plaintiff's cross motion which was to disqualify them from representing Genesee Falls, Ltd., and Modern Holding Co. was properly granted (*see, 108th St. Owners Corp. v Overseas Commodities,* 238 AD2d 324; *Chang v Chang,* 190 AD2d 311).

The appellants' remaining contentions are without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.