Contrary to the plaintiffs contention, the Supreme Court did not improvidently exercise its discretion in granting the timely motion of WMAJ] LLC (hereinafter WMAP), pursuant to CPLR 1012 and 1013 for leave to intervene in the action as a defendant. WMAL which purchased the subject property, leased by the plaintiff, at a foreclosure sale after the instant action was commenced, has a real and substantial interest in the outcome of the proceedings (see CPLR 1013; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 843 [2009]).
The Supreme Court also properly denied the plaintiffs motion for leave to enter a default judgment on the third cause of action insofar as asserted against the defendant Atlas Park, LLC, as the plaintiff failed to establish that the third cause of action was viable (see McGee v Dunn, 75 AD3d 624 [2010]). Rivera, J.P., Chambers, Hall and Roman, JJ., concur.