■ Interboro Insurance Company, Appellant, v Winston Johnson et al., Defendants, and Lenco Diagnostic Laboratory et al., Respondents. [1 NYS3d 111]—

In an action, inter alia, for a judgment declaring that a policy of insurance issued by the plaintiff to the defendant Winston Johnson does not cover claims for medical services provided by the remaining defendants, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered January 29, 2014, as denied that branch of its motion which was pursuant to CPLR 3215 for leave to enter judgment against the defendants Lenco Diagnostic Laboratory, New Millennium Medical Imaging, P.C., and Sylvia Lobo, upon their failure to appear or answer the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]), which requires that the plaintiff state a viable cause of action (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Litvinskiy v May Entertainment Group, Inc.*, 44 AD3d 627, 628 [2007]). In determining whether the plaintiff has a viable cause of action, the court may consider the complaint, affidavits, and affirmations submitted by the plaintiff (*see Litvinskiy v May Entertainment Group, Inc.*, 44 AD3d 627 [2007]; *Fappiano v City of New York*, 5 AD3d 627, 629 [2004]).

Here, the plaintiff provided an automobile liability insurance policy to the defendant Winston Johnson. Johnson was allegedly involved in an automobile accident on March 16, 2012, and sought medical services from the remaining defendants after the accident. The plaintiff commenced this action for a judgment declaring that those medical services were not related to the accident, and thus were not covered by the policy.

Contrary to the plaintiff's contention, the proof submitted in support of its motion failed to set forth sufficient facts to enable the Supreme Court to determine that the medical services provided to Johnson by the remaining defendants were unrelated to the automobile accident (*see McGee v Dunn*, 75 AD3d 624 [2010]; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 19-20 [1999]). Since the plaintiff failed to sustain its burden under CPLR 3215 (f), the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Lenco Diagnostic Laboratory, New Millennium Medical Imaging, P.C., and Sylvia Lobo (*see Williams v North Shore LIJ Health Sys.*, 119 AD3d 937, 938 [2014]; *Mauro v Atlas Park, LLC*, 99 AD3d 872 [2012]). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.