■ EMIGRANT BANK, Formerly Known as EMIGRANT SAVINGS BANK and Another, Appellant, v O. CARL WISEMAN et al., Respondents, et al., Defendant. [6 NYS3d 670]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered November 12, 2013, which denied its motion for a judgment of foreclosure and sale without prejudice to renewal upon proper notice, and (2) an order of the same court entered January 13, 2014, which granted the motion of the defendants O. Carl Wiseman and Belinda Wiseman for leave to file a late answer, to restore this matter to the conference part, and, in effect, to vacate their default in appearing or answering.

Ordered that the appeal from the order entered November 12, 2013, is dismissed as abandoned; and it is further,

Ordered that the order entered January 13, 2014, is reversed, on the facts and in the exercise of discretion, and the motion of the defendants O. Carl Wiseman and Belinda Wiseman for leave to file a late answer, to restore the matter to the conference part, and, in effect, to vacate the movants' default in appearing or answering is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff commenced this action to foreclose a mortgage after the borrowers, the defendants O. Carl Wiseman and Belinda Wiseman (hereinafter together the Wisemans), defaulted on their residential mortgage loan for the subject

premises. The Wisemans do not dispute that they were served with a summons and complaint on June 14, 2012, and did not appear or answer. Thereafter, the plaintiff's motion, inter alia, for an order of reference was granted in an order entered May 23, 2013. The Wisemans did not submit opposition papers or an answer in response to that motion. After the plaintiff moved for a judgment of foreclosure and sale, the Wisemans moved for leave to serve a late answer, to restore this matter to the conference part, and, in effect, to vacate their default in appearing or answering. The Supreme Court granted the motion and directed that the matter be restored to the conference part.

"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (*Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]; *see* CPLR 3012 [d]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]). Here, the Wisemans failed to establish a reasonable excuse for their default (*see Chase Home Fin., LLC v Minott*, 115 AD3d at 634; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1167 [2010]). Their claim that they believed that they did not need to answer or appear because they were going to modify their loan is not supported by the record. The Wisemans did not dispute that the summons provided to them by the plaintiff contained express warnings to answer the complaint and speak to an attorney (*see Chase Home Fin., LLC v Minott*, 115 AD3d at 634-635; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 647). Moreover, the Wisemans had failed to comply with the residential foreclosure conference part orders directing them to provide information and documents to the plaintiff, did not appear at their last scheduled conference, and, due to their inaction, never engaged in a mortgage modification negotiation with the plaintiff. Since the Wisemans failed to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated a potentially meritorious defense to this action (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

In light of the foregoing, we need not consider the plaintiff's remaining contentions. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.