| |
|---|
| **Handsome Acquisitions, Inc. v Ialenti** |
| 2025 NY Slip Op 32658(U) |
| July 24, 2025 |
| County Court, Suffolk County |
| Docket Number: Index No. 607201/2025 |
| Judge: Evan M. Zuckerman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SHORT FORM ORDER**                                    **INDEX NO. 607201/2025**

**COUNTY COURT - STATE OF NEW YORK**
**I.A.S. TERM, PART 68 - SUFFOLK COUNTY**

**PRESENT:**

    **HON. EVAN M. ZUCKERMAN**
    **Acting Judge County Court**

---

HANDSOME ACQUISITIONS INC.,

              Plaintiff,

    -against-

MARC J. IALENTI, MARC J. IALENTI
ATTORNEY AT LAW P.C., and
RICHARD FARRUGIA,

              Defendants.

---

**ORIG. RETURN DATE:** MAY 26, 2025
**FINAL SUBMISSION DATE:** JUNE 5, 2025
**MTN. SEQ. #:** 001
**MOTION: MG CASE DISP**

**ORIG. RTN DATE:** JUNE 5, 2025
**FINAL SUBMISSION DATE:** JUNE 5, 2025
**MTN. SEQ. #:** 002
**CROSS-MOTION: XMD**

**ORIG. RTN DATE:** JUNE 5, 2025
**FINAL SUBMISSION DATE:** JUNE 5, 2025
**MTN. SEQ. #:** 003
**CROSS- MOTION: XMD**

**PLAINTIFF'S ATTORNEYS:**
JUSTIN F. PANE, P.C.
80 ORVILLE DRIVE, SUITE 100
BOHEMIA, NEW YORK 11716
(631) 244-1433

**SELF-REPRESENTED DEFENDANTS:**
MARC J. IALENTI, ESQ.
377 OAK STREET, SUITE 104
GARDEN CITY, NY 11530
(516) 248-2400

**SELF-REPRESENTED DEFENDANT:**
RICHARD FARRUGIA
423 SW 53rd TERRACE
CAPE CORAL, FL 33914

Upon the following papers numbered 1 to __11__ read on plaintiff's motion
FOR DEFAULT AND DECLARATORY JUDGMENT AGAINST DEFENDANT FARRUGIA
and SUMMARY AND DECLARATORY JUDGMENT AGAINST THE ESCROWEE
DEFENDANTS
and defendants' cross-motions
DISMISSING PLAINTIFF'S MOTION AND COMPLAINT AND OTHER RELIEF
(ESCROWEE DEFENDANTS) and ALLOWING FARRUGIA TO FILE AN ANSWER AND
COUNTERCLAIM AND OTHER RELIEF (FARRUGIA);
Plaintiff's Notice of Motion and supporting papers __1-4__; Defendant Farrugia's Cross Motion
and supporting papers __4-6__; Escrowee Defendants Cross Motion and supporting papers
__7-9__; Reply Affirmation and supporting papers 10-11; it is,

[* 1]

**ORDERED** that this motion by plaintiff HANDSOME ACQUISITIONS, INC. for an Order granting: (1) summary judgment and a declaratory judgment against defendants MARC J. IALENTI and MARC J. IALENTI ATTORNEY AT LAW P.C. ("Escrowee Defendants"); and (2) a default and declaratory judgment against defendant RICHARD FARRUGIA, is hereby **GRANTED** to the extent set forth herein. Defendants' cross-motions are hereby **DENIED**.

This action was commenced by plaintiff on March 18, 2025, seeking a return of its downpayment in the amount of $15,000.00, which was placed in escrow with the Escrowee Defendants, in connection with a contract, dated October 22, 2024 ("Contract"), for the sale and purchase of real property known as 175 S. Dunton Avenue, Patchogue, New York.

Plaintiff has moved for a default judgment in favor of plaintiff and against defendant RICHARD FARRUGIA based upon that defendant's non-appearance herein. Plaintiff seeks summary judgment in its favor against the Escrowee Defendants and dismissal of their counterclaims, and for a declaratory judgment against all defendants concerning the valid termination of the contract and directing the return of the downpayment. Defendant RICHARD FARRUGIA cross-moves for an Order permitting him to file an answer and counterclaim and granting him summary judgment in his favor and for legal fees and sanctions. The Escrowee Defendants cross-move for an Order dismissing the complaint against them, giving them the right to pay the down payment into Court, and for legal fees and sanctions for bringing this allegedly frivolous action against them, among other relief.

### *Plaintiff's Motion for a Default Judgment against Ferrugia*

According to CPLR 3215 (a), "[w]hen a defendant has failed to appear, plead or proceed to trial on an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." On a motion for a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, the facts constituting the claim, and the defendant's default in answering or appearing (*see* CPLR 3215 [f]; *Interboro Ins. Co. v Johnson*, 123 AD3d 667, 1 NYS3d 111 [2d Dept 2014]; *Atlantic Cas. Ins. Co. v RJNJ Services, Inc.,* 89 AD3d 649 [2d Dept 2011]; *Miterko v Peaslee,* 80 AD3d 736, 736-737, 915 NYS2d 314 [2d Dept 2011]; *Levine v Forgotson's Cent. Auto & Elec., Inc.,* 41 AD3d 552, 553, 840 NYS2d 598 [2d Dept 2007]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.,* 34 AD3d 726, 825 NYS2d 129 [2d Dept 2006]). A complaint verified by the plaintiff may be submitted instead of an affidavit when the complaint has been properly served (*see* CPLR 3215 [f]; CPLR 105 [u]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70, 760 NYS2d 727 [2003]).

Given that in default proceedings the defendant has failed to appear and the plaintiff does not have the benefit of discovery, the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists (see **Woodson v Mendon Leasing Corp.**, 100 NY2d at 70-71). Indeed, defaulters are "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (**Id.**). Notwithstanding, the plaintiff must submit proof to establish a *prima facie* case (see **Resnick v Lebovitz**, 28 AD3d 533 [2d Dept 2006]); **Silberstein v Presbyterian Hospital**, 95 AD2d 773, 463 NYS2d 254 [2d Dept 1983]). Should the movant seeking a default judgment fail to state a viable cause of action, the movant is not entitled to the requested relief, even on default (see **Green v Dolphy Constr. Co., Inc.**, 187 AD2d 635, 590 NYS2d 238 [2d Dept 1992]).

Here, in support of its motion, plaintiff provided proof of service of the summons and verified complaint on defendant Richard Farrugia on March 27, 2025, as well as proof that additional notice was mailed to Richard Farrugia on April 20, 2025, in compliance with CPLR 3215 (g) (3). The verified complaint contains the facts constituting the claim and sets forth a *prima facie* cause of action for breach of contract against defendant Farrugia. Defendant Farrugia does not dispute that he defaulted in answering the verified complaint or that his untimely answer was rejected by the plaintiff. Thus, plaintiff has established its entitlement to a default judgment against defendant Farrugia and that branch of plaintiff's motion is hereby **GRANTED**.

### Defendant Farrugia's Cross Motion

In his cross-motion, defendant Farrugia requests an Order allowing him to vacate his default and to file an answer to the complaint. He also request summary judgment in his favor and dismissal of plaintiff's complaint, as well as legal fees and sanctions against plaintiff.

A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 3012 [d], 5015 [a] [1]; **Wells Fargo Bank, N.A. v Singh**, 153 AD3d 893, 57 NYS3d 903 [2d Dept 2017]; **US Bank, N.A. v Samuel**, 138 AD3d 1105, 30 NYS3d 305 [2d Dept 2016]; **HSBC Bank USA, N.A. v Rotimi**, 121 AD3d 855, 995 NYS2d 81 [2d Dept 2014]).

Defendant Farrugia submits a factual alleging that he did not file an answer because he believed that the matter was settled by "a plaintiff" but that the "attorney refused to drop the lawsuit against the escrow agent and wanted to continue all litigation." Settlement negotiations can constitute a reasonable excuse for a failure to

[* 3]

answer a pleading (see ***Performance Constr. Corp. v Huntington Bldg., LLC***, 68 AD3d 737, 738 [2d Dept 2009]; ***Armstrong Trading, Ltd. v MBM Enters.***, 29 AD3d 835, 836 [2d Dept 2006]). However, the contradictory allegations by Farrugia do not establish that he did not answer the complaint due to ongoing settlement negotiations, and do not establish a reasonable excuse for his default (see ***Arnav Indus. Inc. Profit Sharing Plan v 3449-3461 Hamilton Ft, LLC***, 237 AD3d 786 [2d Dept 2025]). As Farrugia has failed to establish a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense to the action (see ***Wells Fargo Bank, N.A. v Singh***, supra; ***Deutsche Bank Natl. Trust Co. v Kuldip***, 136 AD3d 969, 25 NYS3d 653 [2d Dept 2016]; ***Emigrant Bank v O. Carl Wiseman***, 127 AD3d 1013, 6 NYS3d 670 [2d Dept 2015]).

For the foregoing reasons, defendant Farrugia's motion to vacate his default and permit him to file an answer to the complaint is hereby **DENIED,** as is his cross-motion for summary judgment in his favor based on an allegedly ineffective cancellation of the Contract and his request for legal fees and sanctions against plaintiff.

### *Plaintiff's Motion for Summary Judgment against the Escrowee Defendants*

Summary judgment is a drastic remedy and should only be granted in the absence of any triable issues of fact (see ***Rotuba Extruders, Inc. v Ceppos***, 46 NY2d 223, 413 NYS2d 141 [1978]; ***Andre v Pomeroy***, 35 NY2d 361, 362 NYS2d 131 [1974]). It is well-settled that the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient proof to demonstrate the absence of any material issues of fact (***Alvarez v Prospect Hosp.***, 68 NY2d 320, 324, 508 NYS2d 923, 925 [1986]). Failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (***Winegrad v New York Univ. Med. Ctr.***, 64 NY2d 851, 853, 487 NYS2d 316, 318 [1985]). Further, the credibility of the parties is not an appropriate consideration for the Court (***S.J. Capelin Assoc., Inc. v Globe Mfg. Corp.***, 34 NY2d 338, 357 NYS2d 478 [1974]), and all competent evidence must be viewed in a light most favorable to the party opposing summary judgment (***Benincasa v Garrubbo***, 141 AD2d 636, 637, 529 NYS2d 797, 799 [2d Dept 1988]). Once a *prima facie* showing has been made, the burden shifts to the opposing party to show by tender of sufficient facts in admissible form that triable issues of fact remain which preclude summary judgment in the movant's favor (***Altieri v Golub Corporation***, 292 AD2d 734, 741 NYS2d 126 [2002]). However, in opposing a summary judgment motion, mere conclusions, unsubstantiated allegations or assertions are insufficient to raise triable issues of fact (***Zuckerman v New York***, 49 NY2d 557, 427 NYS2d 595 [1980]).

Paragraph 5 of the Contract permitted plaintiff to cancel the Contract for any

reason within 15 days of its attorney's receipt of the Contract and to receive a full refund of the downpayment. Plaintiff has provide evidence that it requested a two-day extension of the15-day period (from November 6, 2024 to November 8, 2024) by email on November 6, 2024, which request was granted by defendants in an email dated November 7, 2024. Plaintiff also provided proof that, on November 7, 2024, it sent defendants notice that it was exercising its right to cancel the Contract and sought a return of the down payment, but that defendants failed to return the downpayment. Based on the foregoing, plaintiff has established a *prima facie* showing of entitlement to judgment as a matter of law (*see e.g.* **Alvarez v Prospect Hosp.**, 68 NY2d 320, 508 NYS2d 923 [1986]; **Andre v Pomeroy**, 35 NY2d 361, *supra*; **Rodriguez v N.Y. City Transit Auth.**, 286 AD2d 680, 729 NYS2d 909 [2001]).

In opposition, the Escrowee Defendants contend that plaintiff defaulted under the Contract because plaintiff requested the extension and cancelled the Contract by email only, rather than by certified mail three days prior to termination as required by the Contract and, therefore, defendant RICHARD FARRUGIA is entitled to retain the down payment as liquidated damages.

The Court finds that the Escrowee Defendants have not established the existence of any material issues of fact which require a trial of the action. It is undisputed that plaintiff provided notice of the cancellation of the Contract to defendants and defendants did not return the plaintiff's down payment. With respect to defendants' claim that the cancellation was not effective because it was done only by email, strict compliance with contract notice provisions is not required where there is no claim that the defendant did not receive actual notice of the cancellation, or was prejudiced by the deviation from the contract terms (*see* **Goldin Real Estate, LLC v Shukla**, 227 AD3d 674, 677, 212 NYS3d 117 [2d Dept 2024]; **Suarez v Ingalls**, 282 AD2d 599, 600, 723 NYS2d 380 [2d Dept 2001]). In the case at bar, there are no such claims. Accordingly, plaintiff's motion seeking summary judgment against the Escrowee Defendants and the dismissal of their defenses and counterclaims is hereby **GRANTED**.

### The Escrowee Defendants' Cross-Motion

The Escrowee defendants' cross-motion for an Order dismissing plaintiff's motion and complaint against them is **DENIED** because plaintiff has made a *prima facie* showing of entitlement to judgment as a matter of law on its claims against the Escrowee Defendants. Because the Court finds that the instant action is not frivolous, the Escrowee Defendants' request for sanctions based on plaintiff's commencement of an allegedly frivolous action is also **DENIED**.

[* 5]

## *Plaintiff's Motion for a Declaratory Judgment Against Defendants*

Based on the foregoing, plaintiff's motion for a declaratory judgment against the defendants is hereby **GRANTED,** and the defendants are hereby directed to return the $15,000.00 downpayment to plaintiff within ten (10) days of service of this Order upon defendants with notice of entry.

The foregoing constitutes the decision and Order of the Court.

Dated: July 24, 2025

_____
**HON. EVAN M. ZUCKERMAN**
**Acting Judge County Court**

___X___ **FINAL DISPOSITION**                    _____ **NON-FINAL DISPOSITION**

[* 6]