■ L.N.L. CONSTRUCTION, Respondent, v M.T.F. INDUSTRIES, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated January 16, 1991, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant allegedly entered into an oral agreement to do work under two prime contracts obtained by the defendant from the New York City Housing Authority (hereinafter the NYCHA). This agreement allegedly provided that the net profits from the job were to be divided evenly between the parties. As part of the contracts entered into between the defendant and the NYCHA, the contractor guaranteed that, for a period of one year after completion of the work, all defects to the work and all damage caused by any defects would be made good at the contractor's expense.

After the job was completed, the plaintiff brought suit against the defendant alleging that it had not received its 50% share of the profits. Thereafter, the defendant moved to dismiss the plaintiff's complaint arguing that since the underlying contract with the NYCHA could not be performed within one year because of its guarantee clause, the oral agreement between the parties, which incorporated the terms of the underlying contract, was void by operation of the statute of frauds. The Supreme Court denied the motion. We now affirm.

Initially, we note that it is well settled that in order to obtain summary judgment there must be no triable issue of fact presented and that even the color of a triable issue of fact forecloses the remedy (see, Zuckerman v City of New York, 49 NY2d 557; Matter of Benincasa v Garrubbo, 141 AD2d 636). In the case at bar, the only fact which the defendant has established is that the contract between itself and the NYCHA was incapable of being performed within one year. There is nothing in the record to support the defendant's contention that the agreement between the parties incorporated the terms of the contract into the parties' agreement. In fact, it is unclear what the agreement provided for, other than a vague understanding that the parties would share their resources on the job. Indeed, the defendant even denies that an agreement to share profits was ever entered into between the parties. Moreover, since the plaintiff was not a party to the underlying contract between the defendant and the NYCHA, it is questionable whether or not the terms of that contract are even applicable to the instant dispute.

Accordingly, since the evidence submitted is inconclusive regarding the terms of the oral agreement, or even its very existence, material issues of fact exist which preclude the granting of summary judgment (see, Sillmann v Twentieth Century-Fox Film Corp., 3 NY2d 395).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.