■ Loyal Supply Corporation, Appellant-Respondent, v Michael Gregg, Doing Business as Gregg Contracting Unlimited, Respondent-Appellant. (And a Third-Party Action.) [609 NYS2d 103] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Conway, J.), entered April 8, 1993 in Albany County, which denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment.

Plaintiff, claiming that it sold and delivered merchandise to defendant for which it has not been paid, brought this action

to recover the balance allegedly due on account, approximately $37,000. In his answer, defendant asserts several affirmative defenses and a counterclaim, all based on allegations that plaintiff had agreed to setoff against amounts due on the account the value of work defendant performed for third-party defendant Jay Fluster, one of plaintiff's owners. Defendant also brought a third-party action against Fluster and his wife for the value of the work performed at their residence, against Fluster alone for still other work ostensibly performed at Fluster's direction, and for indemnification should plaintiff prevail in the original action. Motions for summary judgment, made by both plaintiff and defendant, were denied. Defendant's motion for permission to serve a second amended answer with counterclaims was granted. Both parties appeal.

The gravamen of defendant's defenses and counterclaims is that Fluster, apparently acting on behalf of plaintiff—although the extent of his authority, and the extent to which defendant was justified in relying on the appearance of authority, are disputed—agreed to cancel defendant's indebtedness to plaintiff in exchange for certain construction work performed by defendant, primarily at Fluster's residence. Defendant avers that he never received the monthly invoices allegedly sent by plaintiff, and that in September 1990, when he discovered that his account had not been adjusted in the manner he believed had been agreed upon, he again discussed the matter with Fluster. According to defendant, Fluster told him that the amount owed to defendant for the labor and the materials he provided substantially equalled the amount defendant owed plaintiff, including the service charges thereon, which plaintiff waived.

Inasmuch as these allegations, if proven, could furnish a basis for a finding of waiver, release, estoppel, novation, or accord and satisfaction—defenses interposed by defendant which could defeat plaintiff's claim—plaintiff's motion for summary judgment on the complaint, or, in the alternative, to dismiss defendant's affirmative defenses and counterclaims, was properly denied (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 182-183; Bank of N. Y. v Midland Ave. Dev., 193 AD2d 641).

In addition to seeking to have the complaint dismissed, defendant also moved for summary judgment on the counterclaim, which charges that plaintiff breached the purported setoff agreement, and on the third-party claims against Fluster and his wife for indemnification if it is determined that Fluster was acting independently of plaintiff when he entered

into that agreement. Fluster, who is apparently no longer affiliated with plaintiff, avers that he paid defendant in full for the work performed (defendant contends that the money paid was for parts and supplies only, not for his labor), and that he made no agreement to offset any amount due to plaintiff. The contradictory affidavits of defendant and Fluster raise material questions of fact and issues of credibility, precluding summary judgment on the aforementioned claims (see, L.N.L. Constr. v M.T.F. Indus., 190 AD2d 714, 715; Fisher v Kavoussi, 90 AD2d 597, 599).

Cardona, P. J., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.