■ In the Matter of CUTTITTO FAMILY TRUST. GEORGE CUTTITTO, Respondent; JESSIE FANARA, Appellant. [781 NYS2d 696]—

In a proceeding, inter alia, to discover trust assets, Jessie Fanara appeals from an order of the Surrogate's Court, Suffolk

County (Braslow, S.), entered March 31, 2003, which denied her motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

"[I]n order to obtain summary judgment there must be no triable issue of fact presented and . . . even the color of a triable issue of fact forecloses the remedy" (*L.N.L. Constr. v M.T.F. Indus.*, 190 AD2d 714, 715 [1993]; *see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Matter of Benincasa v Garrubbo*, 141 AD2d 636 [1988]). Furthermore, "[i]ssue finding rather than issue determination is the key. Since summary judgment is the procedural equivalent of a trial, any doubt as to the existence of a triable issue, or where the material issue of fact is 'arguable,' " the motion should be denied (*Salino v IPT Trucking*, 203 AD2d 352 [1994]; *see Judice v DeAngelo*, 272 AD2d 583 [2000]).

At issue is whether Antoinette Cuttitto (hereinafter Antoinette), the petitioner's mother, possessed the testamentary capacity in August 1996 to execute an amendment to a previously-executed document known as the "Cuttitto Family Trust." In opposition to the appellant's prima facie showing that Antoinette possessed such capacity when the amendment was executed, the petitioner submitted an affidavit from an individual who was Antoinette's caretaker in August 1996 wherein the affiant stated that "Mrs. Cuttitto was not competent to make her own decisions at that time." Inasmuch as this affidavit should be considered in the light most favorable to the petitioner (*see Judice v DeAngelo, supra*), the Supreme Court correctly concluded that the petitioner met his burden, and raised a triable issue of fact sufficient to defeat the motion for summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.