Matter of Lekki (2024 NY Slip Op 03991)

Matter of Lekki

2024 NY Slip Op 03991

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

477 CA 23-00300

[*1]FINAL ACCOUNT OF GARY LEKKI, AS TRUSTEE OF THE EDMUND LEKKI IRREVOCABLE TRUST OF APRIL 20, 2012, PETITIONER-APPELLANT, VALERIE HANKE, ANDREW MIKUS, ERIC MIKUS, AND RYAN MIKUS, OBJECTANTS-RESPONDENTS. (PROCEEDING NO. 1.) MEMORANDUM AND IN THE MATTER OF THE COMPULSORY ACCOUNTING OF THE EDMUND AND HELEN LEKKI IRREVOCABLE TRUST OF JUNE 9, 2004, SUSAN MIKUS, PETITIONER-RESPONDENT, GARY LEKKI, RESPONDENT-APPELLANT. (PROCEEDING NO. 2.) (APPEAL NO. 2.) 

BARCLAY DAMON LLP, SYRACUSE (TERESA M. BENNETT OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA R. CANNON OF COUNSEL), FOR OBJECTANTS-RESPONDENTS AND PETITIONER-RESPONDENT.

 Appeal from an amended order of the Surrogate's Court, Oneida County (Louis P. Gigliotti, S.), entered February 1, 2023. The amended order, among other things, granted in part the motion of objectants in proceeding No. 1 for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying that part of objectants' motion in proceeding No. 1 with respect to objections 6 and 12 of the amended objections and granting the motion of petitioner in that proceeding with respect to those objections and dismissing those objections, and as modified the amended order is affirmed without costs.
Memorandum: These proceedings concern two family trusts, one that was created in 2004 (2004 trust), and another that was created in 2012 (2012 trust). The 2004 trust was created by Edmund Lekki (father) and Helen Lekki (mother), with their children, Gary Lekki (son) and Susan Mikus (daughter), named as trustees and as beneficiaries. The 2012 trust was created by the father, with the father and the son named as trustees and the son and daughter named as beneficiaries.
A few months after the father created the 2012 trust, he and the daughter had a falling-out. In August 2012, the father removed the daughter from the 2012 trust and left her share to each of her children in equal shares. In October 2013, the father unilaterally took action to remove the daughter as a beneficiary of the 2004 trust, leaving the son as the sole beneficiary, and, in August 2014, the father removed the daughter as a trustee of the 2004 trust.
The mother died in 2015, and the father died in 2018. During the father's life, the son invaded the corpus of the 2012 trust as part of a gift-back strategy to satisfy a Medicaid penalty incurred when the father required placement in a nursing home. Upon the father's death, the son notified the daughter's children that the value of the 2012 trust had been reduced substantially as [*2]a result of the payments to Medicaid.
In March 2019, the son commenced proceeding No. 1 seeking the judicial settlement of his account as trustee under the 2012 trust and, thereafter, the daughter's children (objectants) filed amended objections to the accounting. In October 2019, the daughter commenced proceeding No. 2 seeking to compel an accounting of the 2004 trust by the son and, thereafter, the son answered the petition in that proceeding. The son now appeals from an amended order that, inter alia, granted in part and denied in part his motion in proceeding No. 1 for summary judgment dismissing the amended objections, granted in part and denied in part objectants' motion in proceeding No. 1 for summary judgment on the issue of liability with respect to certain of the amended objections, and denied the son's motion in proceeding No. 2 for summary judgment dismissing the petition in that proceeding.
We agree with the son that Surrogate's Court erred in granting that part of objectants' motion in proceeding No. 1 with respect to objections 6 and 12 of the amended objections and in denying that part of the son's motion seeking summary judgment dismissing those objections, and we therefore modify the amended order accordingly. Objectants alleged with respect to objections 6 and 12 of the amended objections, respectively, that the son failed to prudently invest the 2012 trust assets and failed to generate a reasonable return on investment and reasonable income. At the time of the creation of the 2012 trust, the father was 90 years old and the mother was 87 years old. The Prudent Investor Act (EPTL 11-2.3) requires a trustee to "exercise reasonable care, skill and caution to make and implement investment and management decisions as a prudent investor would for the entire portfolio, taking into account the purposes and terms and provisions of the governing instrument" (EPTL 11-2.3 [b] [2]). Here, the son continued the investment strategy of the father of making a partial investment in a wealth management account and investing the remainder of the trust corpus in an interest-bearing savings account. It is well settled that " 'retention of securities received from the creator of the trust may be found to be prudent even when purchase of the same securities might not' " (Matter of HSBC Bank USA, Inc., N.A. [Knox], 98 AD3d 300, 309 [4th Dept 2012], lv dismissed 20 NY3d 1056 [2013]).
"Generally, whether a fiduciary has acted prudently is a factual determination to be made by the . . . court" (Matter of Janes, 90 NY2d 41, 50 [1997], rearg denied 90 NY2d 885 [1997]). Under the Prudent Investor Act, it is the "standard of conduct, not outcome or performance" that must be reviewed (EPTL 11-2.3 [b] [1]; see Margesson v Bank of N.Y., 291 AD2d 694, 696 [3d Dept 2002]). We conclude that the evidence submitted by the son on his motion in proceeding No. 1 establishes that he acted in substantial compliance with the prudent investor standard (see EPTL 11-2.3 [b] [1]) inasmuch as he appropriately considered, inter alia, "the nature and estimated duration of the fiduciary relationship," the "general economic conditions" at the time, and "the expected tax consequences of investment decisions or strategies and of distributions of income and principal" (EPTL 11-2.3 [b] [3] [B]). Under the circumstances of this case, the son established on his motion that he acted with the " 'reasonable care, skill and caution' " required by the Prudent Investor Act (Matter of Wellington Trusts [JPMorgan Chase Bank, N.A.—Sarah P.], 165 AD3d 809, 814 [2d Dept 2018], quoting EPTL 11-2.3 [b] [2]). We conclude that the son met his initial burden on his motion in proceeding No. 1 with respect to objections 6 and 12 of the amended objections, and we further conclude that, in opposition, objectants failed to raise a triable issue of fact with respect to those objections (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
With respect to proceeding No. 2, we conclude that, contrary to the son's contention, by failing to assert the statute of limitations in his amended answer or in a motion to dismiss, the son waived that affirmative defense (see Gross, Shuman, Brizdle & Gilfillan, P.C. v Bayger, 256 AD2d 1187, 1187-1188 [4th Dept 1998]; see generally CPLR 3018 [b]; 3211 [e]). We similarly conclude that, under the circumstances of this case, the son waived the affirmative defense of laches (see Morgan v Morgan, 21 AD3d 1068, 1068-1069 [2d Dept 2005]; Fade v Pugliani/Fade, 8 AD3d 612, 614-615 [2d Dept 2004]; Kromer v Kromer, 177 AD2d 472, 473 [2d Dept 1991]; see generally CPLR 3018 [b]).
We reject the son's contention that the Surrogate improperly shifted the burden to him with respect to the issue of the mother's capacity and conclude that the Surrogate properly determined that there are triable issues of fact regarding the mother's capacity that preclude [*3]granting him summary judgment on his motion in proceeding No. 2. Even assuming, arguendo, that "the level of capacity required to execute a revocable trust is the same as that required to execute a contract" (Matter of Burrows, 203 AD3d 1699, 1703 [4th Dept 2022], lv denied 39 NY3d 903 [2022]), we conclude that the son failed to meet his initial burden on his motion of establishing the mother's incompetence as of October 16, 2013, when the father unilaterally removed the daughter from the 2004 trust.
Initially, we note that the mother is presumed competent under the law (see Matter of DelGatto, 98 AD3d 975, 977 [2d Dept 2012]) and that, insofar as the son asserts that the daughter was validly removed by the father alone because the mother was incompetent, it would be his burden at a trial to prove the mother's lack of capacity (see Feiden v Feiden, 151 AD2d 889, 890 [3d Dept 1989]). In any event, as the movant on his motion for summary judgment, the son bore the burden of establishing that the power of appointment was validly executed to remove the daughter, which in turn required him to establish, prima facie, the mother's incompetence (see Matter of Cuttitto Family Trust, 10 AD3d 656, 657 [2d Dept 2004]; see generally Matter of Giaquinto, 164 AD3d 1527, 1528 [3d Dept 2018], affd 32 NY3d 1180 [2019]).
While the son submitted medical records and affidavits of family members establishing that the mother had memory issues and was diagnosed with Alzheimer's disease, "[p]ersons suffering from a disease such as Alzheimer's are not presumed incompetent" (Feiden, 151 AD2d at 890; see Matter of Alibrandi, 104 AD3d 1175, 1177 [4th Dept 2013]; Matter of Makitra, 101 AD3d 1579, 1580 [4th Dept 2012]). Moreover, while the son also submitted an affirmation of a physician who treated the mother from 2011 to 2015 in which the physician opined that the mother "was incapacitated as of February 16, 2012," that physician did not explain what he meant by "incapacitated," nor did he opine that the mother lacked the capacity to enter into a contract, or that she lacked testamentary capacity. We thus conclude that the son failed to meet his initial burden on his motion in proceeding No. 2.
We have considered the son's remaining contentions and conclude that they do not require further modification or reversal of the amended order.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court